1809.

Lessee
of
MILES
v.
POTTER.

plied to the board of property sooner; for it was not in the power of *William Maclay* to make any alteration in a survey returned by him, without a new authority from the land office. It was too long to suffer the matter to rest from *August* 1783 to *September* 1787. In the mean time, viz. 19th *July* 1785, the plaintiff appropriated the land; and although his warrant was shifted, yet his right attached from the time of the return of his survey, which for the reason before assigned, must in all probability have been prior to general *Potter's* application to the board of property.

Some stress has been laid on the circumstance of general *Potter's* having sold 100 acres of land, part of which at least is included in his survey, to *George Woods* about the year 1776, who made an improvement on it, and still holds it. To this it has been answered that the plaintiff claims no part of *Woods'* improvement; and that *Potter* never claimed under an improvement, but under his warrant and survey. *Woods* is no party to this suit, nor is there evidence sufficient to invalidate the plaintiff's claim against the defendants by reason of any title in *Woods*.

On the whole of this case, we think justice requires that the matter should be submitted to the consideration of another jury; especially as the plaintiff will be barred by the act of limitations, if judgment is entered on the verdict which has been given.

New trial awarded.

---

Sunbury,
Thursday,
July 13.

RIDGELY and another *against* SPENSER.

IN ERROR.

The verdict of a former jury in the same cause which has been set aside by the court, is not evidence.

2b        70
34 SC   502

WRIT of error to the Common Pleas of *Huntingdon* county.

The plaintiffs in error brought an action on the case against the defendant as a common carrier by water, for not delivering at *Baltimore*, certain forge hammers and castings which he had received at *Hoskel's* landing upon the *Juniata*,

and undertook to carry for hire. Upon the trial of the cause, the defendant's counsel offered in evidence the record of a verdict which had been given upon a former trial of this cause, and was afterwards set aside. The evidence was objected to; but the court admitted it, and sealed a bill of exceptions.

1809.

RIDGELY
*v.*
SPENSER.

There were other points of law and evidence ruled by the court below, upon the trial and in their charge to the jury, which appeared upon the same bill of exceptions; particularly that the opinion of witnesses as to the custom of carriers upon the *Juniata*, and the general understanding and belief of the country as to the liability of carriers by water, might be given in evidence; and that it was a matter for the decision of the jury, whether the facts proved were sufficient to discharge the carrier; but this court gave no opinion upon these points.

*S. Riddle* for the plaintiffs in error cited the case of *Pitton* v. *Walters* (a) to shew that a verdict is not evidence until final judgment is entered upon it; the reason of which is that the verdict may have been set aside. *Peake Ev.* 50. Here the verdict had been set aside, and the very fact had taken place, the possibility of which would of itself have overruled the evidence.

*Duncan* for the defendant answered that it was competent to a party to read the entire record of a suit between himself and the opposite party, and of course to read the *postea*, which formed a part of it; and that if the verdict was not evidence of any fact having been legally decided, it was evidence of itself, namely, that there had been such a verdict, which made it admissible for one purpose, and that was enough. But

PER CURIAM. The former verdict in this cause was not legal evidence. Let the judgment be reversed, and a *venire de novo* be awarded.

Judgment reversed
and *venire de novo.*

(a) 1 *Stra.* 162.