SHAEFFER *against* KREITZER.

IN ERROR.

A verdict in a former ejectment is evidence against the defendant, although no judgment has been entered, if he has acquiesced in it by paying the costs and delivering the possession.
Upon an appeal from the award of arbitrators, it is error to read the award to the jury.

THIS was a writ of error to the Common Pleas of *Berks* county.

In the Court below, the action was an ejectment for about twenty acres of land in *Tulpehocken* and *Bethel* townships.

Upon the trial of the cause, *Kreitzer* the defendant offered in evidence the record of a former trial and verdict in an ejectment for the same land, and upon the same title, and between parties under whom the present plaintiff and defendant respectively claimed; having first shewn, that the defendant in that suit, under whom the present plaintiff claimed, had paid the costs, and delivered up the possession according to the verdict to the plaintiff in that suit, under whom the present defendant claimed. The counsel of *Shaeffer* objected to this evidence, because no judgment had been rendered on the verdict; but the Court admitted it.

The defendant's counsel further offered in evidence the report of arbitrators in this cause from which there had been an appeal. To this also the plaintiff objected, but the Court admitted it, being of opinion that the defendant had

a right to read the whole record, and of course the report; at the same time instructing the jury to disregard the report, which was entitled to no weight whatever.

A bill of exceptions was tendered, upon which the points were now argued in this court.

*Evans* and *C. Smith* for the plaintiff in error.

It is a general rule that a verdict without judgment is no evidence, because it may happen that the judgment was arrested or a new trial granted. *Montgomery* v. *Clark* (a), 1 *Peak* 32. The only exception is where the verdict is introduced to shew a trial, in order to prove what a deceased witness swore. *Pitton* v. *Walter* (b), *Fisher* v. *Kitchenman* (c). But here it was offered as evidence of title. Our own legislature, in giving more effect to the proceedings in ejectment than the common law, confines the effect to cases of two verdicts and *judgments. Act* 13*th April*, 1807, 4 *Smith's Laws* 477.

The award was no evidence, because it was the very thing appealed from. As to its being part of the record, that principle would authorize the reading of a verdict that had been set aside, an attempt that was frustrated in *Ridgely* v. *Spenser* (d). It cannot have the least weight, because then it might throw the *onus* upon the opposite party; and if it has no weight, it ought not to be read.

*Hopkins* contra. The verdict was evidence for two reasons; first, to account for the defendant's possession, and the payment of costs in the former suit. This brings the case to the rule in *Pitton* v. *Walter.* The second reason is, because it was a verdict acquiesced in, which is within the rule of a verdict followed by a judgment. The entry of a judgment was the mere omission of the clerk. There is much confusion as to the point when *posteas* are or are not evidence. They are or are not so, according to the thing to be proved. *Kyp* v. *Brigham* (e). When the inference which the want of a judgment creates, is rebutted by the acts of the party against whom the verdict passed, the verdict is as good as the judgment.

(a) *Bull. N. P.* 234.        (c) *Mod.* 451.        (e) 7 *Johns.* 170.
(b) 1 *Stra.* 162.        (d) 2 *Binn.* 70.

The jury were instructed to disregard the award, and therefore it must be presumed that it had no effect, or it would have been corrected by the Court below on a motion for a new trial. The award has the effect of a judgment until reversed. It is not reversed by appeal, and being a part of the record, the defendant was at least entitled to read it.

TILGHMAN C. J. Several cases have been cited by the plaintiff in error, to shew that the *postea*, containing the record of a verdict, cannot be given in evidence without producing the judgment; and the reason assigned in all these cases is, because without producing the whole record, it cannot appear that the judgment was not arrested, or a new trial ordered by the Court in bank. In our Courts of Common Pleas there is no *postea*, the whole proceedings being in bank. But I agree that while the cause remains undecided, a verdict in a former ejectment cannot be received as evidence of title, because perhaps the verdict may be set aside, and the judgment arrested. But the present case is different. No judgment has been entered, but the defendant shewed his acquiescence in the verdict by the payment of costs and delivery of possession. No case exactly like it has occurred, but it falls within the principle of a verdict and judgment. It appears by the acts of the defendant that no objection was made to the verdict. There was no occasion to enter judgment, because the fruits of a judgment, (the costs of suit and possession of the land) were yielded by the defendant and enjoyed by the plaintiff. I am therefore of opinion that the former verdict was properly admitted in evidence.

The second error assigned in this cause is, that the Court of Common Pleas admitted the report of the arbitrators to be read to the jury, telling them at the same time that they were to pay no regard to it.

It was the opinion of the Court of Common Pleas, that the defendant had a right to read the whole record, however unnecessary it might be to the explanation of the issue which the jury were trying. It may seem at first view to be a matter not worth contending for, because the jury were told, that the report ought not to have the least weight as evidence of title. But to those who have had experience in

jury trials, it will be evident that the principle involved in this point is of considerable importance. Impressions once made are not easily erased. And when the jury have been permitted to hear, that men for whose characters they entertain a respect, have decided in a certain way, it will be very apt to influence their own decision, in spite of all the caution they may receive from the Court. Indeed it is incomprehensible why either party should be permitted to read papers not material to the issue, because even if they had no influence on the minds of the jury, it would be a waste of time. The reason which decided the opinion of the Court below was, that either party has a right to read the whole record, for the same reason that part of a record might be read, that shews a former verdict which had been set aside by the Court. But on that point this Court decided to the contrary in the case of *Ridgely et al.* v. *Spenser,* 2 *Binney* 70, where the very same attempt was made in the Court below, on the very same principle, and with the same success as in the present case. The act " re-" gulating arbitrations," which permits either party to carry the action before arbitrators without the consent of the other, would be a violation of the constitution which secures to the citizens of *Pennsylvania* the right of trial by jury, were it not that it gave an appeal from the report of the arbitrators to the Court in which the action was commenced. When the suit is restored to the jurisdiction of the Court, a trial is to be had in the same manner as if it had never been submitted to any other tribunal; and the jury are to decide on the evidence offered them, tending to the support of the issue joined. As the report of the arbitrators has nothing to do with this issue, it ought not to be read, and no person could ever wish to read it, but with a view of influencing the minds of the jury by improper motives. In order therefore to give the appellant the full benefit of his appeal according to the true intent of the act of assembly, it is necessary to preclude all opportunity of introducing the report appealed from. The point has never been formally brought before the Court, but it has been the practice at *Nisi Prius* not to permit the report to be read. I am of opinion, that it ought not to have been admitted on

1814.

SHAEFFER
*v.*
KREITZER.

SHAEFFER
v.
KREITZER.

this trial, and therefore the judgment should be reversed, and a *venire facias de novo* awarded.

YEATES J. The cases cited shew that a verdict without a judgment entered thereon, is or is not evidence according to the nature of the thing it is produced to prove. It is no evidence of the fact having been legally decided; for the judgment may have been arrested or a new trial granted. But it is good evidence to shew that a trial has been had between the same parties, so as to introduce an account of what a witness, who is since dead, swore on that trial. 1 *Peake's Ev.* 50. Here a former ejectment was brought for the same land, by persons to whom the present parties are privies, and the verdict given therein was offered to introduce the collateral fact of payment of the costs of that suit, and to account for the defendant in this action coming into possession, and of the plaintiff's acquiescence in the adverse title. It is similar in principle to letting in the testimony of the witness.

But I regard the report of the arbitrators in a different light. It was admitted on the ground of its being part of the record; but the jury were instructed to disregard it, and to judge for themselves, independently of the opinion of the arbitrators. As to its being part of the record, the same manœuvre was practised in *Ridgely et al.* v. *Spenser*, 2 *Binn.* 70, but did not prevail. The observation of the Court is an unanswerable objection to its being read in evidence. Why should it have been admitted, if it was to have no weight? Can an award appealed from, possibly conduce to establish its own merits? The most irrelevant testimony would go to the jury on the same principle. Such a practice would be attended with the most injurious consequences, and in fact the reports of arbitrators under the last arbitration system, which have been appealed from, have often been rejected.

I concur in opinion that the judgment be reversed, and a new trial awarded.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment reversed.