[PHILADELPHIA, MARCH 29, 1833.]

HUMPHREYS *against* KELLY.

IN ERROR.

It is error to permit a party to read so much of the docket entries of the suit under trial, as shows that the opposite party had appealed from an award of arbitrators; though neither the award itself was read, nor that part of the docket entries which shewed what the award was.

THIS was a writ of error to the Court of Common Pleas of *Delaware* county, in an action on the case brought by the defendant in error, *Dennis Kelly*, against the plaintiff in error, *Joshua Humphreys*, to recover damages for diverting the water of *Pont Reading Creek*, from the plaintiff's mills.

On the trial in the Court of Common Pleas, a great mass of evidence, both documentary and parol, was given, and thirteen legal propositions were submitted to that court, on which they were requested to instruct the jury. Their answers to these propositions, their general charge to the jury, and their opinions upon several questions of evidence which arose in the course of the trial, were assigned as error here. Among the evidence, to the admission of which by the court below, exception was taken by the counsel of the defendant below, were the docket entries in this suit, embracing that part of them which showed that the defendant below had appealed from an award of arbitrators, but omitting that part which showed what the award was. As this is the only point upon which a distinct opinion was expressed by this court, it is deemed unnecessary to swell the report of the case by stating at large its circumstances, and the other points to which they gave rise.

*Edwards* and *Kittera* for the plaintiff in error.

*Dick* and *Tilghman* for the defendant in error.

(Humphreys *v.* Kelly.)

PER CURIAM.—It is unnecessary to express a distinct opinion on all the points propounded, as it clearly appears there is no error in any part of the record but one. Some of the points were even immaterial. The implication of a grant of the water-right from long enjoyment, for instance, or the supposed effect of the recitals in the different conveyances, was strictly so. When the original owner of the whole conveyed the mill tract, he impliedly conveyed a perpetual right to the watercourse in the land retained by him, so far as it was then enjoyed, as an actual appurtenance to the mill. It is clear too, that the right having been acquired by any means, could not be lost by any discontinuance of its enjoyment when the whole estate came to be possessed again by the owner of the *Pont Reading* farm, in consequence of his having purchased the interest of the tenant in tail of the mill tract. A right by adverse enjoyment, though analogous in some respects to the statute of limitations, is founded, in the presumption of a grant; and the loss of it by discontinuance is founded in the presumption of a release. But if the owner of the *Pont Reading* farm, standing, as he did, in the place of the tenant in tail of the mill tract, was without legal capacity to release to himself, there is no room for any presumption on the subject; and beside, an actual release or conveyance by him to a third person, would not be suffered to prejudice the issue in tail. The matter, however, in which error was committed, was the reading of so much of the docket entries as showed the plaintiff in error to be an appellant from an award of arbitrators. This, we are told, was necessary to show that the action was prior in point of time to another between the parties, in which it was alleged the injury complained of had been compensated by a verdict. But that fact, if it were material, might have been shown by other evidence; and it is, beside, impossible not to see, that the drift of the evidence was to give the plaintiff the benefit of whatever impression might be made on the minds of the jurors by the fact that the cause had once been determined in his favour by judges of the parties' own choosing. This may have been a substantial injury, and the defendant ought not to have been exposed to the danger of it.

Judgment reversed, and a *venire facias de novo* awarded.