The opinion of the court was delivered by
Kennedy, J.
Two errors have been assigned, — First, that the District Court refused to permit the plaintiffs to read in evidence to the jury, on the trial of the cause, an offer made in writing and signed by them while the cause wras pending before arbitrators, and afterwards filed in the prothonotary’s office, with and attached to the award of the arbitrators; whereby they agreed that if an award should be made in their favour, the same and the judgment thereon to be rendered, should be l'eleased upon payment by the defendants of all that the plaintiffs had paid and might thereafter be compelled to pay, by reason of their having been sureties for the late Jacob G. Tryon, sheriff of. the County of Philadelphia; and that upon payment by the defendants of all sums of money, which -the plaintiffs had paid and might thereafter be compelled to pay,.the judgment in this case should be released ; second, that the court also -refused to permit the plaintiffs to withdraw the declaration filed by them and to file a new one then exhibited to the court.
In regard to the first error it is difficult, if not impossible to per *15 ceive even a colourable reason tending to show that the writing ought to have been received in evidence. It being the mere act of the plaintiffs, and not assented to by the defendant, it cannot be pretended that it ought to have been received as evidence for the purpose of sustaining the plaintiffs’ claim. So if it were offered with a view to persuade the jury to give a verdict in favour of the plaintiffs, when the jury might otherwise have thought that their right was not clearly established by the evidence ; or in hopes that the jury might thereby be induced to assess damages in their favour beyond what the evidence given would warrant: under either of these views, it was clearly improper and inadmissible. It seems to me that there would have been as much, if not more propriety, in having offered the award of the arbitrators in evidence; which if it had been received, after objection by the defendant, would have been error on the part of the court, according to the case of Shaffer v. Kreitzer, 6 Binn. 430. I really can perceive no motive for the plaintiffs having wished to give their paper in evidence, unless it were .for the purpose of inducing the jury to give them a more favourable verdict, than from the evidence given and the law on the subject they had a right to claim. But surely nothing can be more plain than that it was the duty of the jury to give their verdict according to the law and the evidence, and consequently it would have been error in the court to have misdirected the jury in point of law, or to have suffered that to have been given to them which might have misled them, either in regard to the law or the facts of the case. It is well observed by Mr. Justice Sergeant, who delivered the opinion of this Court in Bellas v. Lloycl, 2 Watts, 204, that “ the permission to a party to file papers during a trial, affecting the event of the matters in issue, may lead to great irregularities and abuse. It may enable him to vary the position of the cause, by an act of his own, possessing no defined character, involving no legal responsibility, and taking the opposite party by surprise. It tends to embarras the regular course of trial. It is the duty of the court to discountenance a practice of this kind, and it is error for which .the judgment will be reversed, if ¿xception is taken to it at the time of being offered, or when sanctioned by the court.” The first error, therefore, is not sustained.
As to the second error, it is laid down as a general rule in 5 Bac. Abr. tit. Plea and Pleading, page 330, for which is cited Lil. Reg. 408, that the plaintiff after plea pleaded, or after the end of the second term, shall not add a new count to his declaration, under pretence of amending it. The same rule is laid down also in Styles’ Register, tit. Declaration, page 206. So in Cope v. Marshall, Sayre Rep. 236, .it was held to be contrary to a general rule of law, to permit an amendment which amounted to the adding of a new count, after the action had been commenced two terms; and it was further held to be a general rule of law, “ that an amend *16 ment by which a new right of action would be alleged, ought not to be permitted.” And according to the first of these rules the court, in Aubeer v. Barker, 1 Wils. 149, refused leave to amend the' declaration, by adding two counts, after the term next after the term in which it had been delivered. Under these authorities the Supreme Court of New York in Sackett v. Thompson, 2 Johns. 206, refused to allow the plaintiff to amend his declaration by adding one or two new counts, .after the action had been commenced for several terms and had been noticed for trial several terms. These rules, however, being only general rules, are not without their exceptions ; and accordingly, in the case of Bearcroft v. The Hundreds of Burrhouse and Stone, 3 Lev. 347, after issue joined and the trial thereof ready at bar, but adjourned for some reason not connected with the amendment, to a subsequent day, the court in the interim permitted the plaintiff to amend his declaration by declaring for an assault and robbery, for which the action was brought, committed on his servants, and stating an oath made by them, which through mistake had been alleged to have been committed on himself. The court seem to have allowed the amendment because the statute of limitations would have been a bar to the plaintiff’s recovery in a new or second action. And for a like reason, an amendment Was permitted in the Dutchess of Marlborough v. Wigmore, Fitz. Rep. 193, but still not so as to change the nature of the action.
Now, in the case before us, the action had not only been commenced, and the declaration filed two years, and more than nine terms before the plaintiffs asked leave to file a new declaration and to withdraw the old, but they, after filing their declaration, had by a rule entered at their instance for that purpose, taken the cause out of court and tried it before arbitra tors, who made an award in their favour against the defendant. The latter, after paying all the costs which had accrued upon the action, as he was bound to do, in order to obtain an appeal from the award, brought the cause back by appeal into, court, where issue was joined upwards of a year before the application was made to amend; and although the statute of limitations would have barred any new action that the plaintiffs could have brought for the cause which they w’ished to have introduced upon the record, by filing a new declaration at the time of their application, and it may therefore be said they came within the exception established in the cases already mentioned; yet, it is conceived that the plaintiffs by filing their declaration, which contained a good cause of action set forth in perfect form, and then referring that cause so stated to the decision of arbitrators, who made an award in their favour, put it out of the power of the court to permit them to substitute a now and different cause of action, to be tried in court upon the appeal, from that decided on by the arbitrators. It is manifest the court could not have *17 granted the prayer of the plaintiffs in this respect, without doing injustice to the defendant by depriving him of his right to have the costs, which he'paid on taking his appeal, returned to him in case he succeeded in court on the trial of the same cause of action which had been decided against him by the arbitrators. The cause of action set forth in the plaintiffs’ declaration, was the conversion by the defendant of certain bonds or writings obligatory, belonging to them, for the payment of money; but the new declaration, which they asked leave to file in place of the old, was for the conversion of certain instruments of writing by the defendant, not under seal, containing the engagements of certain persons, whose names were thereto subscribed, to indemnify some of the plaintiffs to a certaih extent, for having become the sureties of Jacob G. Tryon, as sheriff of Philadelphia county. That these causes of action are totally different' from each other, is too obvious to admit of a question or doubt; and we m'ust presume that the cause of action set forth in the declaration was the one tried and decided by the arbitrators; because legally they could not investigate and decide any other. To have granted, then, the request of the plaintiffs, would in effect have enabled them to avoid a compliance with the condition Upoii which they received from and compelled the defendant to pay all the costs that accrued upon the cause ‘of action set forth in their declaration; which was, that they should repay the same to the defendant if he succeeded upon his appeal'; because the plaintiffs-, finding, after the appeal taken by the defendant, that they could n'ot sustain the cause of action set forth in their declaration and tried by-the arbitrators against him, wished to abandon it altogether and to substitute another, in which they probably thought they could succeed; and thus not only mulct the defendant in the costs of a trial of a new cause of action, but avoid returning to him the costs which he was compelled topay on the award of the arbitrators, for a cause of action, which the plaintiffs'were unable afterwards to sustain upon a trial in court. In short, the result of the trial in court, which has established the right of the defendant to have these costs repaid to him, shows most clearly the injustice that might have been done him had the court granted the amendment, on the terms asked for by the plaintiff. It was upon this ground "that the District Court of the City and County of Philadelphia-, in th'é case of Howard v. Mc'Keown, 2 Browne's Rep. 159, very properly refused to allow the plaintiff to add a new and substantivé'count to his declaration.
But even taking it that there had been no insuperable objection to the count, and allowing the amendment, I am still inclined to think that their refusal to do so would not have been the subject of revision and correction in this court. The amendment asked for, was not- one merely of form, but of substance ; it was to place on *18 the., record a new and different cause of action from that which the plaintiffs had stated with sufficient legal accuracy, and filed two years previously, immediately after the return of their writ. Now, I apprehend that such an amendment can only be claimed according to the principles of the common law, which leaves the matter altogether within the discretion of the court applied to for that purpose, either to allow or disallow it, as may be deemed necessary in order to advance the cause of justice. It is only statutory amendments which are demandable of right and .inquirablé into here. Proper v. Luce, 3 Penn. Rep. 66. If the amendment in question then be not authorised by statute, as I conceive most clearly that it is not, the decision of the District Court in regard to. it cannot be reached here.
The judgment is affirmed.