## ELY vs. WILCOX.

26      91
54 LRA 673n

EQUITY: 1. *Action to remove cloud upon title; who may bring it.* 2. *Supplemental bill, after judgment of dismissal.—Right of plaintiff to take advantage of previous finding.*

1. Grantor of land in parcels to numerous parties, with warranty, has such an interest as entitles him to avoid by suit a deed to another party which clouds his title.
2. Where, in such an action against N. W. and T. W., the former was found to be a fraudulent grantee, but the action was dismissed because the title had passed to T. W. (an innocent purchaser), and subsequently T. W. reconveyed to N. W.: *Held*, that plaintiff might file a supplemental bill, showing such reconveyance, and might avail himself thereunder of said previous finding.

APPEAL from the Circuit Court for *Douglass* County.

In 1859, *Ely* filed a bill against *Nathaniel Greene Wilcox* and Timothy Dwight Wilcox, for the purpose of having a conveyance of land from one Matson to said *Nathaniel Greene Wilcox*, and a subsequent conveyance thereof from the latter to the other defendant, declared to be void as against plaintiff's title to the land. The circuit court found in favor of the plaintiff, and, among other things, found that *Nathaniel Greene Wilcox*, when he took his deed from Matson, had actual notice of the previous sale and conveyance

of the land by Matson to the plaintiff; and also, that when Timothy Dwight Wilcox took his deed, the plaintiff and his grantees were in the actual, notorious and quiet possession of the land, and, therefore, said Timothy Dwight was not a purchaser in good faith. Judgment was accordingly rendered against both of said defendants. From this judgment Timothy Dwight Wilcox alone appealed; and this court held him to be a purchaser in good faith and for a valuable consideration, without notice, and reversed the judgment of the court below, directing it to dismiss the bill. See 20 Wis. 523–531. It appears that the circuit court thereupon granted an order that the bill be dismissed, and that Timothy Dwight Wilcox recover from the plaintiff his costs, etc.

In October, 1868, *Ely* filed the present complaint against *Nathaniel Greene Wilcox*, in which he sets out the same facts as in the former bill, and recites the proceedings thereon at the circuit, the appeal to this court, the decision of this court, and the order and judgment of the circuit court thereon. He then avers that this court did not intend to, and by the legal effect of its said judgment did not, reverse said judgment of the circuit as to *Nathaniel Greene Wilcox*, but left the same in full force as against him; and that the subsequent order of the circuit court dismissing the bill as to him was erroneous, and ought to be declared null and void. The complaint then alleges, in substance, that at the time of the conveyance from *N. G. Wilcox* to T. D. Wilcox, the latter executed to the former a power of attorney, giving him full control and management of the property, and authorizing him to sell and dispose of the same, and of every part thereof, and to convey the same, etc.; that this power of attorney was kept, by said *N. G. Wilcox*, secret and unrecorded until after the decision of the court dismissing plaintiff's bill as above stated, and plaintiff had no knowledge thereof until August 1st, 1868;

that a certain witness for the plaintiff, by whom he had proven in said suit the actual knowledge of plaintiff's title on the part of said *N. G. Wilcox*, when he took his deed from Matson, was since deceased; that plaintiff does not know, and cannot learn, where Matson and wife (on whose testimony he also relies for proof of said fact) are, nor whether they are alive, "but believes they are kept out of his reach and information" by said *N. G. Wilcox*; that plaintiff does not know of any other persons by whom he can prove said fact; that *N. G. Wilcox*, with the consent of Timothy Dwight Wilcox, and by virtue of said power of attorney from the latter, on the 9th of July, 1866, executed and delivered to one Joshua Stark, who was, and is, defendant's attorney and confidential adviser in the premises, a deed "by which the said Timothy Dwight Wilcox, by his said attorney, did grant, bargain, sell and convey, unto said Stark, for a good and valuable consideration," the lands in question, and caused said deed and power of attorney to be recorded; that on the 26th of November, 1866, *N. G. Wilcox* ·procured and induced Stark to convey said premises to him, and the deed was recorded in June, 1867; that said property is worth $100,000; and that since securing and recording said deed, said defendant has given out and insisted that he is the absolute and unqualified owner of the premises, free of all conditions, obligations and trusts, and has entered upon and holds forcible possession in fraud of plaintiff's rights, etc., etc. The complaint throughout alleges a fradulent design in the several conveyances, the warrant of attorney, etc. The plaintiff therefore prays that it may be adjudged that the deeds from Matson to defendant were fraudulent and void, etc.; that the order or judgment of the circuit court, dismissing plaintiff's original bill, as above stated, may be corrected, so as not to apply to *Nathaniel Greene Wilcox;* that the judgment previously rendered by said court be declared to

be in full force against him and the lands in his possession; that said defendant may be adjudged to release and convey said land to plaintiff, and give to him and his assigns peaceable possession thereof; that the title of plaintiff and his assigns may be forever quieted, and defendant and his assigns forever enjoined from setting up any title, etc., etc.

To this complaint *Nathaniel Greene Wilcox* demurred, on the grounds: 1. That it appears on the face of the complaint that the matter is *res adjudicata.* 2. That there is a defect of parties plaintiff, inasmuch as the complaint alleges that a large part of the property in question had been conveyed by plaintiff to other parties, and it does not appear what part or interest plaintiff claims to own.[*] 3. That several causes of action have been improperly united. 4. That the complaint does not state facts sufficient to constitute a cause of action. 5. That plaintiff has not legal capacity to sue.

The demurrer was overruled, with leave to defendant to answer; and from this order defendant appealed.

*Smith & Stark*, for appellant:

1. There is a defect of parties plaintiff. If the court should grant the relief sought in the complaint, it would not benefit plaintiff's grantees; and judgment in favor of defendant would not affect such grantees. 2. The complaint does not designate any portion of the land in question as now belonging to the plaintiff, nor show distinctly that he now owns or claims to own any interest in the land or any part thereof. ·The fact that plaintiff has conveyed with covenants of warranty, does not qualify him to maintain suit either to quiet title or to recover possession. To the point that the court could not, on the complaint, give plaintiff a judgment for the possession, counsel cited *Orton v. Noonan*, 18 Wis. 447; *Allie v.*

---

[*] The substance of the allegations of the complaint on that point is sufficiently given in the opinion.    REP.

*Schmitz*, 17 id. 173; R. S. ch. 141, §§ 4, 5. To the point that in respect to any land which the plaintiff had conveyed, only the grantee could sue to remove a cloud, they cited Story's Eq. Pl. 503, 508–510, 728. Only a party "having the possession and legal title" can institute a suit to quiet title. R. S. ch. 141, § 29; *Jones v. Collins*, 16 Wis. 594. 3. If the former decision of this court was erroneous, the error was apparent on its face, and would have been corrected by this court on motion in that case. 4. If the judgment of the circuit court, dismissing the cause absolutely, was erroneous, plaintiff should have appealed to this court to correct the error. 5. But there was no error in the former decision of this court, or the judgment of the circuit court. *N. G. Wilcox* disclaimed any interest in the property. No action could have been maintained against him alone; and a judgment could not properly be rendered against him when the action had failed against his grantee, the sole party interested in the property.

*Hiram Hayes*, with *Masterson & Simons*, for respondent:

1. Although *Ely* has conveyed away all the land, yet he has covenanted in his deeds to defend the title, and therefore he has a right to defend it in the only practicable way, viz.: by bringing this suit. If not allowed to do this, he may be ruined by a multiplicity of suits on his covenants. *Owen v. Paul*, 16 Ala. 130–135; *Malins v. Brown*, 4 Coms. 403; *Bennett v. Abrams*, 41 Barb. 620. The grantees are not necessary parties. There may be cases in which they would be unwilling, preferring the remedy on the covenants. They cannot properly be joined in this suit, because they are not interested in the precise relief which plaintiff asks, and because they are not united in interest. The parties now before the court are sufficient to enable a decree to be made which will end the whole controversy, and settle the rights of all concerned. 2. It is of no consequence that the bill is without formal precedent. It is

enough that it shows a wrong which equity can remedy, a fraud which it can redress without injury to any innocent person. *Singleton v. Singleton*, 8 B. Mon. 340; Jeremy's Eq. 381; Lube's Eq. Pl., Notes, pp. 1–12; Story's Eq. Jur. § 28; Bishop on Cr. Law, § 8; *Quick v. Stuyvesant*, 2 Paige, 92; *Watson v. Sutherland*, 5 Wall. 74–79; *Webb v. Rorke*, 2 Sch. & Lef. 666; *Davis v. Hone*, 1 id. 341, 348; *Lawley v. Hooper*, 3 Atk. 279. As to the power of equity, upon such a bill as the one filed here, to grant relief against the apparent effect of the proceedings in the circuit court after the plaintiff's action against both Wilcoxes was remitted on the former appeal, and to define the true meaning and effect of the judgment in that case, and give plaintiff the benefit of the original decree against *Nathaniel Greene Wilcox*, counsel cited Mitford's Eq. Pl. 97; Story's Eq. Pl. §§ 388, 428, 429; *Linton v. Potts*, 5 Blackf. 396–399, cited and approved in *Bank v. Iglehart*, 6 McLean, 568. And to the point that plaintiff would be entitled to the relief now sought, even if the dismissal of the former bill as to *N. G. Wilcox* was void, they cited *Johnson v. Johnson*, 30 Ill. 215; *Loyd v. Malone*, 23 id. 43.

COLE, J.   The first question which naturally arises on this appeal is, whether the matters stated in the complaint show that the plaintiff has such an interest in the subject-matter of the litigation as to be entitled to any portion of the relief demanded. It appears that the plaintiff has sold and conveyed to " sundry and large numbers of persons," for " sundry valuable considerations and large sums of money, amounting in the aggregate to more than twelve thousand dollars," " a large portion of the premises by lots according to the recorded plate," and that all of the deeds of conveyance " contained the usual full covenants and general warranty of title."

It is therefore admitted that the plaintiff is bound by his covenants to protect and defend the title of the

persons to whom he has sold the property. In order to do this, he has brought this action. As observed by his counsel, his obligation to his grantees would not be fully performed by paying back the purchase money with interest. He ought to make good the title derived through him to the property. This is what the letter and spirit of his covenants require him to do; and in order to effectually do this, he must have the right to come into a court of equity to establish that title. The case is not distinguishable in principle from *Malins v. Brown,* 4 N. Y. 403; *Bennett v. Abrams,* 41 Barb. 620; and *Owen v. Paul,* 16 Ala. 130.

As we understand this complaint, it is in the nature of a supplemental bill, filed for the purpose of giving the plaintiff the benefit of the former finding of the court, that the defendant was a fraudulent grantee of Matson, and took his conveyance with full knowledge of the plaintiff's rights. The plaintiff claims that he is entitled to have the benefit of this finding in consequence of the new matter stated in the complaint. This new matter is, that since the adjudication in the former suit, the title of Dwight Wilcox in the property has been reconveyed to the defendant, and consequently all the plaintiff's original equities have reattached to it in his hands; that as the defendant was originally a trustee by reason of his fraudulent acts, holding the title for the benefit of the plaintiff, so now, having repurchased the estate, he stands charged as at first. Cannot the complaint be sustained as a supplemental bill to give the plaintiff the benefit of the former finding, in view of the fact of the reconveyance to the defendant? We do not understand that it is the purpose of this suit, or that it is competent by it, to reform, modify or correct the judgment in the former suit in any manner, or to give it any new effect. This court fully agreed with the circuit court upon the point, that the evidence in that case showed that the defendant was a faudulent grantee; yet, having found that T.

Dwight Wilcox was an innocent purchaser, it is very obvious that the purpose of the action had necessarily failed, and that the only judgment which could be given was to dismiss the bill.   It seems to us that this was the only proper judgment to be rendered in that case.   Still the finding of the circuit court, upon the question that the defendant was a fraudulent grantee, stands undisturbed, and the plaintiff seeks to have the benefit of that finding.   Can he not have it in this action ?   We think he can.

Mr. Justice Story, in his work on Equity Pleadings, when considering the nature and character of the different sorts of bills, says: "A supplemental bill is merely an addition to the original bill, in order to supply some defect in its original frame or structure.   In many cases, an imperfection in the form of the original bill may be remedied by an amendment.   Generally, a mistake in the bill in the statement of a fact should be corrected by an amendment, and not by a right statement of the fact in a supplemental bill.   But the imperfections of a bill may remain undiscovered while the proceedings are in such a state that an amendment can be permitted according to the practice of the court; or it may be of such a nature, having occurred after the suit is brought, as may not properly be the subject of an amendment.   By the practice of the court, no amendment is generally allowable after the parties are at issue upon the points of the original bill, and witnesses have been examined.   Nor is it generally allowable to introduce into the bill, by amendment, any matter which has happened since the filing of the bill.   In such a case a supplemental bill is the appropriate remedy." § 332.   In *Collins v. Ex'rs of Taylor*, 3 Green's Ch. R. 163, where a bill had been filed by one of several legatees for his share of a legacy, against the executors and the other legatees, and an interlocutory decree had been made establishing the right of the legatees to recover, the complainant dismissed his

bill, without the consent of the legatees, who were defendants. And the court set aside the order of dismissal as to them, and gave them leave to file a supplemental bill to obtain the benefit of the decree without prejudice from the order of dismissal.

The doctrine of this case seems to be strictly applicable. It shows very clearly that a supplemental bill may be filed as well after as before a decree, to give a party the full benefit of matters determined by the litigation. The plaintiff seeks to avail himself of a like principle. In the former suit the defendant was found to be a fraudulent grantee, chargeable with notice of his rights in the property. But the plaintiff could obtain no relief in that action, notwithstanding this fact was found in his favor, because the defendant had parted with the title to a *bona fide* holder. But now, in consequence of the reconveyance of the property to the defendant, he can obtain full relief, and of the same character as that demanded in the former suit. All the equities between the parties have been ascertained and determined, and there is no difficulty whatever in giving the plaintiff the full benefit of the former finding without modifying or changing it in any respect. And this finding, we suppose, must be considered as conclusive between these parties upon the facts there found. It is analogous to a verdict rendered before a court possessing no power to arrest judgment or grant a new trial. Such verdicts are conclusive between the parties in regard to the same matters, without the judgment. *Felter v. Mulliner*, 2 J. R. 181; *Brockway v. Kinney*, id. 210; *Thompson v. Thompson*, 1 Desaus. 136; *Shaeffer v. Kreitzer*, 6 Binn. 430. The finding of facts by the circuit court, in the former case, seems to strictly fall within the reason and principle of a verdict and judgment in ordinary cases. A judgment would have followed this finding, had it not been for another fact which deprived the

plaintiff of the fruits of the matters thus determined and settled between these parties.

We therefore consider all the objections taken to the complaint untenable.

*By the Court.*—The order of the circuit court overruling the demurrer is affirmed.