## Henry M. Stryker et al., Plffs. in Err., *v.* John Ross.

It is error, in the trial of a case, to permit evidence to go to a jury that shows that an award had been previously made by arbitrators in the same matter in favor of one of the parties; the tendency of such evidence being to give to the former successful party the benefit of whatever impression might be made on the minds of the jurors by the fact that the cause had once been determined in his favor by judges of the parties' own choosing, which may have been a substantial injury.

(Argued May 27, 1887. Decided October 3, 1887.)

January Term, 1887, No. 399, E. D., before GORDON,

TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Huntingdon County to review a judgment on a verdict for the plaintiff in an action of trespass *quare clausum fregit*. Reversed.

This is an action of trespass *quare clausum fregit*, brought by John Ross against W. W. Stryker and others to recover damages for an alleged breach of the plaintiff's close; in other words, it is an action of trespass to recover damages which the plaintiff alleges he has sustained by reason of the defendants' entering upon his premises and tearing down or destroying a certain shed and taking away certain coal therein, the property of the plaintiff.

The dispute in this case is as to the true division line or boundary between the lot of the plaintiff and that of W. W. Stryker, under whom these defendants claim.

The defendants below offered to show: First, that at the public sale at which John Ross bid off his piece of ground that the agent and lessee of Mrs. Walker gave notice that she claimed all the ground in lot No. 117, from Shaver's creek to the eastern line of the sheds; second, by George B. Orlady, that when he owned the lot he claimed only to run 73 feet west from King street and that Mrs. Walker, the adjoining western owner, claimed by the same line; third, by same witness, that when he owned the property he fenced up that line or so much thereof as was not inclosed by the sheds, and that Mrs. Walker, the adjoining western owner, and he, recognized that as their division line, and that the fence so stood at the time of the assignee's sale to John Ross; fourth, by the same witness, and one of the assignees of Henry Orlady, and who delivered the deed, that at the time of the delivery of the deed that he informed Ross that he only proposed to sell to him 73 feet from King street down to the sheds, that Mrs. Walker claimed and was in possession by her tenants of the western part of the lot and the sheds, and that if he was not willing to take the deed with that understanding, that he would put it up again for sale, and that a map (see Exhibit B) was exhibited, showing the amount of ground he was willing to convey, and would convey, and that with this understanding, Ross accepted the deed; and further, that he stated the same thing to David Barrick, who bought the property for John Ross, at the time of the sale and previous to the confirmation.

These four several offers were excluded by the court and con-

stituted the first, second, third, and fourth specifications of error.

Under objections from the defendants, the court permitted the witness on the stand to state that Ross, who entered a rule to arbitrate this case, had been successful before the arbitrators. This constituted the fifth specification of error.

The following points were submitted by the defendants:

1. That at the time of the alleged trespass complained of, the defendants were in exclusive possession of the *locus in quo.* And the plaintiff cannot recover.

*Ans.* Refused because this raises a question of fact for the jury.

2. That there is no evidence that the plaintiff was ever in possession of the *locus in quo,* or that he had any possession at the time of the alleged trespass, and that the verdict must be for the defendant.

*Ans.* Refused.

3. That the tortious entry on the *locus in quo* on Saturday, to put in posts for the erection of sheds, which he put in after notice from the clerk and agent of the defendants that they would be cut down and removed, and which were cut down and removed on the following Monday by the defendants, does not in law constitute a trespass on the part of the defendants, as they were in possession of the property, and if the plaintiff claimed the property, his remedy was by ejectment.

*Ans.* This point is predicated upon only a part of the testimony. It also assumes facts in dispute, and is therefore refused.

4. That the uncontradicted evidence, not saved even by the exploded scintilla, is that at the time of the alleged trespass, the defendants were in the exclusive possession of the *locus in quo* and that the verdict must be for the defendants.

*Ans.* This is refused, it being a question of fact, with other facts, which we have submitted to the jury.

5. That the calls in a deed are always to be controlled by fences, or other marks on the ground, and that if the jury believe that there was a fence or other marks on that ground at 73 feet west of King street, forming the western boundary of the ground purchased by John Ross, the plaintiff at the time of his purchase, and he being a resident of Petersburg, knew that

such a fence formed the eastern boundary, that this title to the ground purchased by him would be confined to the said fence as the western boundary of his lot.

*Ans.* It is for the jury to determine, under all the facts in this case, where the true division line is between the lot of plaintiff and defendants.

If from the evidence the jury is satisfied that the alley fence was the true line of division, then the plaintiff had no authority to build his sheds west of that line, and he could not recover. We cannot affirm this point as stated therein—as it assumes disputed facts for the jury to determine.

6. That by the draft produced in evidence by George B. Orlady, supplemented by his evidence, he did at the time of the execution and delivery of the deed by him as assignee to John Ross, the plaintiff, sell and convey the ground to him, as represented on the draft by a line 73 feet from King street, then the plaintiff had no title to the ground where the sheds and posts were put up, the place where the alleged trespass was committed. And that the plaintiff so took the deed, and with that understanding there is no contradiction or denial, not even from the plaintiff, who was present during the whole trial.

*Ans.* This point assumes facts which are disputed and therefore cannot be affirmed; and for further answer we refer to our general charge as to the line or boundary between plaintiff and defendant.

7. That upon all the evidence in the case the verdict should be for the defendants.

*Ans.* Refused.

To the answer to these points and the charge, the defendants excepted.

Verdict for the plaintiff and judgment thereon.

The remaining assignments of error specified the ruling of the court on the points of evidence, and the answers to the points.

*R. B. Petrikin* and *M. M. McNeil*, for plaintiffs in error.— The offers contained in the second and third specifications should have been admitted. Adjoining owners can establish by consent on the ground, and the declarations or acts of either of the parties if dead would be evidence, for or against a purchaser from either of them. Ross is the vendee of Orlady's title, and

the defendants in this case are the vendees of Mrs. Walker's title. What, therefore, could be more pertinent than the testimony, not of the dead owner, but of the living? Kerr v. Wright, 37 Pa. 196; Hagey v. Detweiler, 35 Pa. 409; Mills v. Buchanan, 14 Pa. 62; Alden v. Grove, 18 Pa. 377; Rice v. Bixler, 1 Watts & S. 453; Kellum v. Smith, 65 Pa. 86.

The reason given by the judge for rejecting the offer is without foundation. He excludes the evidence because in his "opinion it is intended for the purpose of contradicting the deed made." It was not offered for any such purpose. That the evidence should have been admitted is settled by the case of Craft v. Yeaney, 66 Pa. 211.

The evidence offered by the witness and excluded by the court under this specification was competent for the purpose for which it was offered: (1) To explain any ambiguity in the description; (2) to show that the plaintiff fully understood at the time of his purchase that he was only buying by a line 73 feet west of King street; (3) to reform the deed, if there was a misdescription, contrary to the intent of the parties. Tate v. Reynolds, 8 Watts & S. 91; Mageehan v. Adams, 2 Binn. 109.

A levy obscure in its terms, as to the property embraced, may be explained by parol, and it is then a fact for the jury. Scott v. Sheakly, 3 Watts, 50; Titusville Novelty Iron Works' Appeal, 77 Pa. 103; Hoffman v. Danner, 14 Pa. 25.

It is error to permit the introduction of testimony showing the result of a former trial. Shaeffer v. Kreitzer, 6 Binn. 430.

In Humphreys v. Kelly, 4 Rawle, 305, under exception by defendant's counsel, the court below permitted the plaintiff to read that part of the docket entries which showed that the defendant below had appealed from the award of arbitrators, and for this reason the judgment was reversed.

In Hyslop v. Crozier, 1 Miles (Pa.) 267, a new trial was granted, because during the trial one of the counsel for the plaintiff stated that the arbitrators from whose award the appeal had been taken had found for the plaintiff.

The rule that to maintain an action of trespass such as is here instituted the plaintiff must be either in the actual or lawful possession of the premises in dispute, or he must have the immediote right to the possession flowing from the right of property— is a correct rule of law in an action of trespass as to personal

property, but not the rule as to real property. Lewis v. Carsaw, 15 Pa. 34.

There is a material distinction between personal and real property, as to the rights of the owner; in the first case we have seen that the personal property draws to it the possession sufficient to enable the owner to support trespass, though he has never been in possession; but in the case of land, or other real property, there is no such constructive possession; and unless the plaintiff had the actual possession by himself or servant, at the time when the injury was committed, he cannot support this action. 1 Chitty, Pl. 176, 177; Mather v. Trinity Church, 3 Serg. & R. 512-518, 8 Am. Dec. 663; Caldwell v. Walters, 22 Pa. 380; Clark v. Smith, 25 Pa. 139; Zell v. Ream, 31 Pa. 304; Carroll v. Carroll, 2 Chester Co. Rep. 119; Shoenberger v. Baker, 22 Pa. 403, 404.

Calls in a deed are always to be controlled by marks on the ground. Craft v. Yeaney, 66 Pa. 210.

*Brown, Bailey, & Brown,* for defendant in error.—The numerous authorities cited in plaintiff's paper book are all upon cases where adjoining owners had established a consensual division line. They have no application to the facts of the case on hand.

Wingard had a right to establish this alley or road across his own property for his convenience. His right to do so proceeds from the "highest right of property, to wit, the dominion over the land itself." It was opened as a permanent way in 1852, and has continued open ever since and used by the several owners of the several purparts of the lot.

Such a way continues unaffected by liens or sales public or private. Pennsylvania R. Co. v. Jones, 50 Pa. 417.

There was no dispute that the *locus in quo* was not in the actual occupancy of anyone until Ross built the new shed, and then he was in the actual occupancy and so continued until the trespass complained of was committed. Before that it was neither inclosed nor cultivated. It was a small piece of ground lying south of the old shed within the lines of Ross's purchase and abutted on the roads or alleys on the western and southern sides.

The constructive possession where there is no actual possession is in him who has the legal and rightful title. Norris's Appeal, 64 Pa. 275.

There was no possession whatever by the defendants, of the *locus in quo*. None was shown on the trial—certainly not such possession permanently continued as would take away from the owner that possession which the law attaches to the legal title. Young v. Herdic, 55 Pa. 172; Hole v. Rittenhouse, 25 Pa. 493; Adams v. Robinson, 6 Pa. 271; Beaupland v. McKean, 28 Pa. 134, 70 Am. Dec. 115; Washabaugh v. Entriken, 34 Pa. 74.

The jury found the legal title to be in Ross, and his ownership of the *locus in quo* drew to him such possession as would enable him to maintain trespass. Hughes v. Stevens, 36 Pa. 320.

But he had actual possession or he could not have erected the shed and deposited coal in it.

In Johnston v. Irwin, 3 Serg. & R. 291, it is ruled that although residence is not a necessary ingredient of adverse possession, there must be inclosure and cultivation.

The occupancy of a trespasser who neither incloses nor cultivates continues no longer than he remains in contact with the soil. Wright v. Guier, 9 Watts, 172, 36 Am. Dec. 108.

OPINION BY MR. JUSTICE STERRETT:

If it were not for the ruling complained of in the fifth specification of error, this judgment should be affirmed.

Counsel for plaintiff below, on cross-examination of defendants' witness, put a question calculated to elicit the fact that the arbitrators in this case awarded in favor of his client. This was objected to, but the witness answered, saying: "At the time of this conversation Ross had won this suit before the arbitrators." The learned judge then refused the request of defendants' counsel to strike out the question and answer as improper and irrelevant; and thereupon exception was taken.

This may appear to be a trivial matter on which to reverse an otherwise sustainable judgment; but if we adhere to the ruling in Shaeffer v. Kreitzer, 6 Binn. 430, and Humphreys v. Kelly, 4 Rawle, 305, we must hold it was error. In the latter case the court below under exception permitted plaintiff to read part of the docket entries which showed that the defendant below had appealed from the award of arbitrators. In the opinion, reversing the judgment, this court said: "It is, beside, impossible not to see that the drift of the evidence was to give the plaintiff the benefit of whatever impression might be made on the minds of

the jurors by the fact that the cause had once been determined in his favor by judges of the parties' own choosing. This may have been a substantial injury and defendant ought not to have been exposed to the danger of it."

This reasoning is equally applicable to the present case; and for the error (into which the court was doubtless inadvertently led) the judgment must be reversed.

It is unnecessary to specially notice the remaining specifications, further than to say that there is no error in either of them that would warrant a reversal of the judgment. The case depended mainly on questions of fact which were exclusively for the jury.

Judgment reversed and a *venire facias de novo* awarded.