## Fisher *v.* Pennsylvania Company, Appellant.

*Practice, C. P.—Improper remark of counsel—Reference to judgment of justice of the peace.*

On the trial of an appeal from a justice of the peace, a statement made by counsel in his opening to the effect that before the justice of the peace there had been a judgment for plaintiff, constitutes good reason for directing the withdrawal of a juror, and if this is not done, it is a reversible error on review of the record; and this is especially the case where the court gave the jury no instructions on the subject.

Argued May 15, 1907. Appeal, No. 66, April T., 1907, by defendant, from judgment of C. P. Lawrence Co., March T., 1904, No. 3, on verdict for plaintiff in case of Alexander Fisher v. Pennsylvania Company. Before RICE, P. J., HENDERSON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Appeal from judgment of an alderman. Before PORTER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* among others was refusal to withdraw a juror and continue the case.

*Oscar L. Jackson,* with him *Charles R. Davis,* for appellant.—It was the duty of the court to have withdrawn a juror and continued the case: 21 Pepper & Lewis' Digest of Decisions, column 37,736; Walsh v. Wilkes-Barre, 215 Pa. 226;

Wagner v. Hazel Twp., 215 Pa. 219; Hale v. Hale, 32 Pa. Superior Ct. 37; Holden v. Pennsylvania Railroad Co., 169 Pa. 1; Jones v. Cleveland, 8 Luzerne Leg. Reg. Rep. 461.

*C. H. Akens*, of *Akens, Wilkison, Lockhart & Chambers*, with him *D. N. Keast*, for appellee.—A Lawrence county jury would not be impressed by the decision of a New Castle alderman, especially when rendered in favor of the plaintiff.

The objection is finical. It did not appear to have merit at the time. It would not appear to have merit now, except for the freedom exercised by counsel in its presentation. It was an incident occurring in the progress of the trial in the presence of the court and certainly belongs to those matters over which the trial court has supervision and control. Except in cases of gross abuse an appellate court will not interfere: Com. v. McMahon, 14 Pa. Superior Ct. 621; Moore v. Neubert, 21 Pa. Superior Ct. 144; Com. v. Sarves, 17 Pa. Superior Ct. 407; Martin v. McCray, 171 Pa. 575.

Opionion by Orlady, J., October 7, 1907:

A remark made by the plaintiff's counsel in his opening argument to the jury is made the basis of the first assignment of error. The counsel for the defendant promptly moved the court as follows: " I now ask the court to withdraw this case from the jury and continue it at the expense of the plaintiff, on account of the statement of counsel in opening the case to the jury, that in the trial of the case before the alderman there was judgment for the plaintiff." One of the plaintiff's counsel stated: I will ask that part of my opening be not considered by the jury, " though his colleague urged, " I cannot see that a remark of that kind, made by counsel in opening the case when the jury are called and understand they are to try the case on the evidence produced by the witnesses upon the stand, how a juror could possibly be affected by the statement that an alderman had decided a case one way or the other and the juror's judgment influenced thereby; if that were the case in the quarter sessions court a defendant could never get a fair trial because he could not be in court unless the alderman had bound him over. " The court ruled, to wit: The effect would be the same if they had offered to prove this in evidence. We will

say to the jury that they must dismiss that from their minds. We will refuse the motion to continue the case and seal an exception to the defendant.

It is not clear whether the trial judge in his final charge to the jury intended to instruct them further in regard to this, and overlooked it afterwards, or whether he considered the disposition made of it at the time a sufficient caution to the jury, but the fact is, that no further reference was made to it during the trial, and the jury returned a verdict against the defendant.

These remarks of counsel are properly brought upon the record, and there is an unbroken line of authorities covering 100 years which hold that they constitute a good reason for directing the withdrawal of a juror, and if this is not done, it is a reversible error on review of the record.

In Ridgely v. Spenser, 2 Binn. 70, it was held that the verdict of a former jury in the same cause which had been set aside by the court, is not evidence, and the judgment on the second trial was reversed because the record of the former trial had been received in evidence ; and it was decided in Shaeffer v. Kreitzer, 6 Binn. 430, that upon an appeal from an award of arbitrators, it is error to read the award to the jury, Judge TILGHMAN saying, "Impressions once made are not easily erased, and when the jury have been permitted to hear that men for whose character they entertain a respect have decided in a certain way, it will be very apt to influence their own decision in spite of all the caution that they may receive from the court. As the report of the arbitrators has nothing to do with this issue, it ought not to be read, and no person could ever wish to read it, but with a view of influencing the minds of the jury by improper motives." The same was held in Hyslop v. Crozier, 1 Miles, 267, the court adding, "and the stating the fact by the counsel, which has the same tendency, is too important an irregularity to be overlooked, there must be strong special circumstances to induce the court in cases of this kind to refrain from granting a new trial." This same principle was applied in Tryon v. Miller, 1 Whart. 11 ; Delaware & Hudson Canal Co. v. Barnes, 31 Pa. 193 ; Erie & W. V. R. Co. v. Smith, 125 Pa. 259.

In Butler v. Slam, 50 Pa. 456, it is decided that the charge

of the court in one action is not evidence to be read to the jury in another action founded thereon. In Good v. Mylin, 13 Pa. 538, and in Ege v. Mealar, 82 Pa. 86, it was held that it was right to refuse to permit the opinion of the Supreme Court on a former hearing of the case to be read to the jury. " The jury are to take the law of the case, not from the report of the former trial, but from the presiding judge, whose direction is subject to revision."

The fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing an argument on facts not appearing but outside the proof. Questions of this kind generally arise out of the closing argument of counsel; but the rule is the same at whatever stage of the case the improper language is used.

So much depends on what is said, and the connection in which it stands, that it should be a clear case of infringement upon the right of counsel to comment upon the incidents of the trial to induce us to interfere with the discretion of the trial judge (Commonwealth v. Miller, 139 Pa. 77), but in the case before us while one counsel requests that the objectionable remark be retracted, the other contends for the propriety of the statement in the court below, treats it as a frivolous complaint here, and the jury was left without any definite direction as to whether it should be disregarded or not.

It is not possible to gauge the effect such a remark may have had. It is sufficient that the extra professional statement of counsel may have greatly prejudiced the jury and affected the verdict. It is one thing to prevent the entry of an influence into the mind and quite another to dislodge it; as well might one attempt to brush off with the hand a stain of ink from a piece of white linen; one in the very nature of things is just as impossible as the other: 2 Encl. Pl. & Pr. 724, 820. Vide also Holden v. Penna. R. R. Co., 169 Pa. 1; Dougherty v. Pittsburg Rys. Co., 213 Pa. 346; Walsh v. Wilkes-Barre, 215 Pa. 226; Wagner v. Hazel Township, 215 Pa. 219; Hale v. Hale, 32 Pa. Superior Ct. 37.

The judgment is reversed for this error alone, and a venire facias de novo awarded.