## Knoller *v.* Everett Realty Company, Appellant.

*Practice, C. P.—Trial—Improper remark of counsel.*

1. The appellate court will not reverse a judgment entered on a verdict after a fair and orderly trial on the merits, by reason of a refusal of the court below to withdraw a juror because plaintiff's counsel had stated in reference to the defendant that "everybody has to sue this man," where it appears that the trial judge fully and carefully instructed the jury entirely to disregard the remark.

*Appeals—Allowance of credit on judgment—Amount of judgment—Modification of judgment.*

2. Where the appellate court has rendered a decision reversing a

judgment for plaintiff on a verdict for $1,384, and subsequently at the hearing of a rule to reconsider, the plaintiff agrees, in order to prevent further delay, to the entry of a credit on the judgment of the sum of $279, the appellate court will modify the judgment, by consent of counsel, and enter such credit.

Reargued Oct. 29, 1914. Appeal, No. 231, Oct. T., 1913, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1912, No. 1,353, on verdict for plaintiff in case of Aaron Knoller v. Everett Realty Company. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Rule to show cause why case should not be reconsidered and judgment modified. See Knoller v. Everett Realty Company, 57 Pa. Superior Ct. 269.

*Owen J. Roberts*, of *Roberts, Montgomery & McKeehan*, for appellant.

*Henry J. Scott*, with him *Charles L. Smyth*, for appellee.

OPINION BY ORLADY, J., February 24, 1915:

In his closing address to the jury, the plaintiff's counsel stated, "Everybody has to sue this man," and Holden v. Penna. R. R. Co., 169 Pa. 1; Wagner v. Hazle Township, 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226; Saxton v. Pittsburgh Rwys. Co., 219 Pa. 492; Fisher v. Penna. Co., 34 Pa. Superior Ct. 500, are relied on to require us to reverse the judgment.

The remark was an improper one. We do not have before us the whole argument of counsel, and cannot know what invited this improper statement. Evidently the court felt that it should be noticed and stated to the jury, viz.: "That statement you will disregard entirely, except so far as there is testimony bearing on that subject. You will consider this case just as if that remark had not been made. It could make no difference if other people had to sue this defendant. That is not

VOL. LIX—35

the question. When a man does not pay, it is the plaintiff's right to bring suit. This plaintiff had a perfect right to bring his suit, and we have given him a fair and patient hearing in this case, and that is what courts are for."

This question was considered in Commonwealth v. Striepeke, 32 Pa. Superior Ct. 82, and in conclusion we said, "We cannot reproduce the conditions attending the trial, nor accurately measure the effect of such a speech upon the average juryman." See also Commonwealth v. Shields, 50 Pa. Superior Ct. 1. There was not an application for a new trial, and upon the whole record we prefer to accept the judgment of the trial judge as correct in measuring the effect of such a remark of counsel.

Only in cases of manifest error should we reverse a judgment which is obtained after a fair and orderly trial on its merits. While there was a motion to withdraw a juror on account of the remark of counsel it was overruled by the trial judge in the belief that he could correct any improper influence on the jury by a special instruction on this subject. The case was zealously tried by able counsel and the facts were fairly presented in an adequate charge.

This appeal was considered and the judgment reversed in an opinion filed July 15, 1914. The plaintiff subsequently presented a petition for a reargument, and a rule was granted to show cause why the case should not be reconsidered, and the judgment modified, etc. A hearing was had on this rule on October 29, 1914, when the plaintiff, "in order to prevent further delay and further litigation" agreed to the entry of a credit on the judgment of the sum of $279.

After further consideration we are of the opinion that this credit should be so entered, and the judgment is now modified by entering a credit for the said sum as of the date of the verdict, and as so modified the judgment is affirmed. The costs of this appeal to be paid by the plaintiff.