# James Clark *v.* Daniel S. Lindsay, Appellant.

*Landlord and tenant—Reservation of right of alteration and repairs.*

Where the lease of a farm explicitly reserved to the lessor the right " to make any changes or alterations to the mansion house during the year," such reserved right to make alterations and repairs carried with it the incidental right to cast upon the lessee the reasonable consequences of exercising it, so far as these might affect his leasehold ; and it was error to instruct the jury that the lease must be construed so as to limit the lessor to " such reasonable alterations as would not interfere with the tenant's occupancy of the leased premises, and would not be inconsistent with his enjoyment of the estate granted." Nothing but want of due care in making the repairs could give the plaintiff a right of action ; if negligently made they were properly charged as a trespass to which the reservation could be no defense.

*Practice, C. P.—Pleading—Allegata and probata—Issue.*

Under the Procedure Act of May 25, 1887, P. L. 271, the declaration is required to be not only a concise but a precise statement of the plaintiff's demand, exhibiting with accuracy and completeness the ground on which recovery is sought. It is not enough that the evidence may show a cause of action ; it must show the cause laid in the declaration. The plaintiff does not recover on proof alone ; he recovers secundum allegata et probata. In trespass especially the ground of complaint should be stated so distinctly that the real issue may be formed by the plea of not guilty, since this is the only plea permitted.

Where, at common law, the issue would have been formed by a plea of right, and the replication de injuria, the precise issue should be raised under the general issue and notice of special matter.

When fraud, accident or mistake is made the ground for impeaching the terms of a written instrument, the ground of impeachment should be directly averred in the pleading, and the real terms contended for specifically stated ; otherwise evidence on the subject is inadmissible.

Argued Oct. 12, 1897. Appeal, No. 90, Oct. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1895, No. 908, on verdict for plaintiff. Before Rice, P. J., Wickham, Beaver, Reeder, Smith and Porter, JJ. Reversed.

Trespass. Before McMichael, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $350. Defendant appealed.

*Errors assigned* among others were (1, 2) In affirming plaintiff's third and fifth points, which points are as follows: "3. As the reservation in the lease as it is produced is in general and indefinite terms, and, being the language of the lessor, must be taken most strongly against him; it must be construed so as to limit him to such reasonable alterations as would not interfere with the tenant's occupancy of the leased premises, and would not be inconsistent with his enjoyment of the estate thereby granted." "5. That if the jury find for the plaintiff, they are entitled to consider the loss, annoyance and discomfort resulting to plaintiff and his family from being deprived of a large part of a house while the work in question was in progress, and from being obliged to occupy it in an unfinished condition afterwards, and any extra work imposed thereby upon them, and should allow the plaintiff reasonable compensation therefor." (3) In answer to defendant's fourth point, which point and answer are as follows: "4. The plaintiff having admitted he went into possession of the premises under a written lease from defendant, and that lease being admitted in evidence without objection, and the right to do the work which defendant did being reserved in said lease, and the plaintiff not alleging in his statement, fraud, accident or mistake in the execution of the lease, your verdict must be for defendant. *Answer:* I decline that point because I leave it as a question of fact for the jury." (4) In refusing binding instructions for defendant.

*Jos. E. Embery*, with him *John Eckstein Beatty*, for appellant. —There was no evidence as to wanton or reckless conduct in the prosecution of the alterations and repairs, and under the facts the verdict should have been directed for the defendant: Rineman v. Blair, 96 Pa. 155.

*Jas. S. Williams*, of *Williams & Tatem*, for appellee.—The lease in this case grants to the plaintiff the use of a house for the term of one year. Can it be said with any show of reason that it was the intention of these parties that the landlord should have the right to make changes and alterations in the house to an unlimited extent whenever he should choose to enter for that purpose? To adopt that construction would make the reservation repugnant to the grant. A reservation which is as

large as the grant is void, and the grant valid: Shoenberger v. Lyon, 7 W. & S. 184; Taylor on Landlord and Tenant, 157; Wood on Landlord and Tenant, 429.

All authorities agree that the words of an exception or reservation in a lease are words of the lessor: Bullen v. Denning, 5 B. & C., 842.

"The grantor shall not take advantage of a difficulty which he has himself created:" 3 Washb. on Real Prop. 628.

OPINION BY SMITH, J., February 19, 1898:

The declaration in this case alleges that "the plaintiff was lessee of a farm owned by the defendant upon which there was a comfortable dwelling house," and that the defendant "by his servants and employees unlawfully took possession thereof, tore down partitions, defaced the walls, tore off a portion of the roof, and by various other means rendered the said premises uninhabitable, with comfort and safety, and prevented the plaintiff from having the use thereof," for a period of three months. The defendant alleged a right to do this under the following provision of the lease: "The lessor reserves the right to make any changes or alterations to the mansion house during the year." It was unquestioned that the defendant was engaged in making changes and alterations in the mansion house, within the meaning of this clause, and that this work caused the damage for which the present suit was brought. According to the evidence, the plaintiff claimed damages for (1) being deprived of the use of a part of the house for three months, and the inconvenience caused thereby; (2) dust blown about the house and on the furniture and clothing; (3) removing some of his household goods to another part of the house and to a barn on the premises, and afterward returning them; (4) washing and cleaning the house after the alterations were completed, and (5) removing the lumber and waste left by the carpenters. Under the charge, the jury were permitted to find for the plaintiff for each of these items, excepting, possibly, the first, although this is by no means clear.

The learned trial judge correctly charged the jury that the testimony was insufficient to impeach the writing; that the stipulations of the lease were binding on the parties; and, that the lessor had a right to make the changes and alterations to

which objection was made. The further instruction that the simple question for the jury to determine was whether the lessor exercised his right to make the alterations in a reasonable way, would also be applicable, if that matter had been made a part of the issue tried, by testimony tending to show that the work was performed in a reckless or unreasonable manner, thus causing the injuries for which compensation is sought.

It was erroneous to affirm the plaintiff's third point, to the effect that the lease "must be construed so as to limit the lessor to such reasonable alterations as would not interfere with the tenant's occupancy of the leased premises, and would not be inconsistent with his enjoyment of the estate thereby granted." This was inconsistent with the construction already given to the writing, and, practically, authorized the jury to disregard the written contract if in their judgment its enforcement would interfere with the tenant's occupancy or enjoyment of the premises. The reservation gave the lessor an unqualified right to make alterations, and to this right the estate granted was subject. An interference with the lessee's occupancy, reasonably necessary in the prosecution of the work, could not be set up to defeat or impair the reservation in the lease, nor would it form a legal basis for the recovery of damages by the tenant. The right to make the alterations carried with it the incidental right to cast upon the lessee the necessary and reasonable consequences of exercising it, so far as these might affect his leasehold : Reineman v. Blair, 96 Pa. 155. There was error also in affirming the plaintiff's fifth point, namely : " That if the jury find for the plaintiff, they are entitled to consider the loss, annoyance and discomfort resulting to the plaintiff and his family from being deprived of a large part of the house while the work in question was in progress, and from being obliged to occupy it in an unfinished condition afterwards, and any extra work imposed thereby upon them, and should allow the plaintiff reasonable compensation therefor." Even if the action were brought for an unlawful exercise of the reserved right instead of in denial of the right itself, this instruction was erroneous. It was holding the defendant liable for all injury, annoyance and discomfort to the plaintiff, whether the work were done carefully and properly, or carelessly and recklessly. It is of common knowledge that alterations, such as those in

question, cannot be made without entering and exposing the rooms and causing more or less noise and dust. These are unavoidable incidents and might in themselves cause annoyance and discomfort; but they afford no ground of complaint when the operations from which they arise are authorized by contract.

It was wholly immaterial whether the lessee consented to the work. The lessor had a perfect right to do it, in a careful and reasonable manner, even against the protest of the lessee. It was therefore incorrect to tell the jury that if the plaintiff consented to the work being done he could not recover, but if he did not so consent he might recover. This introduced an entirely false standard, and left the lawfully reserved rights of the defendant to depend, for their exercise, on the will of the plaintiff, without regard to the contract, or the wishes of the defendant. Evidently the issue and the rights of the parties were lost sight of on the trial. The procedure act of 1887, requires the declaration, in assumpsit and trespass, to be "a concise statement of the plaintiff's demand." It should be not only concise but precise; exhibiting, with accuracy and completeness, the ground on which recovery is sought. It is not enough that the evidence may show a cause of action; it must show the cause laid in the declaration. The plaintiff does not recover on the proofs alone; he recovers secundum allegata et probata. In trespass, especially, the ground of complaint should be stated so distinctly that the real issue may be formed by the plea of not guilty, since this is the only plea permitted. At common law, the real issue in the case before us would be presented by a plea of the right arising from the reservation, and a replication denying the right, or alleging its negligent or unreasonable exercise — in effect, the replication de injuria. This the procedure act no longer permits. The defense, therefore, must be made under the general issue, and the rule of court as to notice of special matter not admissible under that issue, as allowed by the procedure act. A further difficulty arises here from the pleading on the part of the plaintiff. As to the matter in controversy, the lease is the foundation alike of the tenant's rights and the landlord's defense. The reservation is a part of it, equally with the demise, and its qualification of the estate created cannot be disregarded by the lessee. If his right of action depended on

showing that the reservation was fraudulently inserted, the fraud should have been averred in the declaration, and the lease pleaded in accordance with his contention as to the terms actually agreed on. . This is the settled rule when -it is alleged that, by reason of fraud, accident, or mistake, a written instrument does not embody the real agreement: Clark v. Partridge, 2 Pa. 13; Renshaw v. Gans, 7 Pa. 117; Hunter v. McHose, 100 Pa. 38; Merriman v. Bush, 116 Pa. 276; Wodock v. Robinson, 148 Pa. 503. Under the declaration, therefore, evidence relating to fraud in the reservation was not admissible; but it was received without objection, and as it proved insufficient its admission did the defendant no harm. It is not shown that notice of special matter was given by the defendant; and, so far as appears, the parties chose to go to trial with the real issue indicated neither by the declaration nor the notice now substituted for a special plea. . Its character, however, is sufficiently apparent. With respect to the alterations authorized by the reservation, nothing but a want of due care in making them could give the plaintiff a right of action; while if negligently made, they were properly charged as a trespass, to which the reservation would be no defense. The issue, therefore, was whether the defendant was guilty of the trespass laid in the declaration by reason of exceeding the authority conferred by the reservation, or exercising it in a negligent or unreasonable manner.

There is not a scintilla of evidence to maintain this issue on the part of the plaintiff. Testimony was introduced to show that the windows and outer doors were removed, and that by these, and openings made in the roof during the progress of the work, the rooms were exposed to the inclemency of the season; but it was not testified by any witness that this could have been avoided by reasonable care; and it is quite evident that it could not have been thus avoided. There was also evidence to the effect that dust was raised and blown into the adjoining rooms and upon the furniture and clothing of the plaintiff, but this . was to be expected if the articles were not removed; and it is not alleged that the dust could have been avoided or abated by reasonable care on the part of the mechanics. In short, there is no evidence that the alterations made by the defendant were beyond the scope of the reservation; that the injury or inconvenience suffered by the plaintiff was due to a reckless or neg-

ligent manner of making them; or that the work, in point of time, was unduly prolonged. Without such evidence, there was no ground for a recovery by the plaintiff.

It is clear from the evidence that all the items of damage for which the plaintiff seeks to recover, except the fifth, arose from causes reasonably incident to the exercise of the right reserved in the lease, and within its meaning; and not through negligence in the performance of the work. For injuries thus arising without fault or negligence the defendant was not liable. The fifth item is for removing the debris left by the workmen. The plaintiff testified that this consisted of lumber torn out of the building, and that under an agreement with the carpenter he was to have this lumber for the labor of removing it. On this point the claim is in the nature of a contract, and cannot be made the basis of an action of trespass. As to the allegations respecting the "rough and unfinished condition" in which the house was left, it is sufficient to say that there is no evidence that this was due to an unreasonable exercise of the lessor's rights in the premises. The evidence was insufficient to sustain a verdict for the plaintiff, and therefore the court should have affirmed the defendants' sixth point.

The judgment is reversed.