## Hennessy *v.* Anstock, Appellant.

*Appeals—Assignments of error—Practice, Superior Court.*

An assignment of error cannot be divided, and treated as good in part and bad in part; if it cannot be sustained as a whole, it must be overruled. For this reason, if for no other, it should present but one distinct question.

*Practice, C. P.—Pleading—Evidence—Assignments of error.*

The plaintiff can recover only secundum allegata et probata; not only must the declaration set forth a wrong, and the evidence show a wrong, but the wrong shown must be the wrong alleged.

An assignment of error which complains merely of the submission of the case to the jury upon the pleadings and evidence, without any request by the defendant for a verdict by direction of the court, is sufficient, if there is in fact no evidence to justify the verdict.

*Trespass—Obstruction against side of structure.*

An obstruction placed against the side of a structure forming part of the realty is in contemplation of law upon the land as fully as if placed on its surface. The portion which it covers is not material; if it may be placed against any part, it may be made to cover the entire side, obstructing light, air and access. To place it against any portion is a disturbance of the enjoyment of the land, if not of its possession, and, if wrongful, is a trespass.

In an action of trespass the declaration alleged the unlawful erection by the defendant of " a certain obstruction partition or barrier upon and over " the plaintiff's land. The evidence for the plaintiff showed the erection of a partition-like structure, an inch or more in thickness, about eight feet high and three feet wide, extending partly across the sidewalk that fronted the adjoining buildings of the parties, and near the division line between them, fastened to the defendant's building, but standing from one to two inches on the plaintiff's side of the line, with its inner edge close against

the plaintiff's building. The erection of this was admitted, and its purpose explained by the defendant. *Held,* that the probata corresponded substantially with the allegata, and that the case was for the jury.

Argued Jan. 13, 1902. Appeal, No. 55, Jan. T., 1902, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1898, No. 291, on verdict for plaintiff in case of M. I. Hennessy *v.* Fannie Anstock. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for injuries to land. Before LITTLE, P. J.

The plaintiff's statement after describing by metes and bounds plaintiff's lot, declared as follows: " That the said defendant did on or about September 7, 1898, unlawfully and without right, place, deposit, erect and maintain a certain obstruction, barrier and partition composed of wood and iron, and from said day to the present time has constantly continued, unlawfully and without right, maintained and erected said obstruction and barrier upon and over the land herein above described, and by reason thereof the said Clara Hennessy, during her lifetime, and the plaintiff, as her representative, was and still is injured and damaged to the amount of $500."

The court charged in part as follows:

[Now, gentlemen, we will submit as a question of fact for your determination, because you have been down there upon the property and have seen the property yourself, and have heard the testimony, and if you find it is true that the defendant, on or about September 7, 1898, unlawfully and without right, placed, deposited, erected and maintained a certain obstruction or barrier, a partition composed of wood and iron, and from said day to the present has constantly maintained said barrier on and over the land of the plaintiff, and by reason whereof Clara Hennessy was injured and damaged to any amount, we will let that matter as a disputed question of fact for you to determine. We submit that as a question of fact for your determination whether in and upon the close of the plaintiff described in this declaration, Mrs. Fannie Anstock set up an obstruction, and trespassed upon or over the plaintiff's property. If she did, then the plaintiff will be entitled to such damages as is proved that the plaintiff sustained. . . .

Gentlemen, we say to you, although we judge possibly it may be foreign, the way we view the pleading in this case, to say what we are about to say, but we will say the following:

Mrs. Hennessy and the owners of her property, as well as Mrs. Anstock, have rights in front of their respective properties. The public has a right to pass over the street, but they have rights in front of their respective properties.

No enterprising merchant or showman, in order to exhibit his wares or his show, has any right to set up in front of either of their properties, without permission, a hand board or anything of the kind; and if satisfactory proof is had, damages can be recovered by the owner in front of whose property the thing is set up. If the owner can establish the necessary facts in such instance, an action would lie. . . :

Take this case. If you find that the plaintiff has sustained any damage by reason of this obstruction, erected as described in the plaintiff's declaration, your verdict will be for the plaintiff, in such damages as you find under all the evidence the plaintiff may have sustained.

If you find that there was no wanton injury done, only nominal damages to fix a right will be sufficient to be awarded.]

Verdict and judgment for plaintiff for $25.00. Plaintiff appealed.

*Error assigned* was the portion of the charge as above, quoting it.

*T. H. B. Lyon*, with him *R. R. John*, for appellant.—The allegations and proofs must correspond: Fagely v. Bellas, 17 Pa. 67, 70; Ernest v. Wible, 8 Pa. Superior Ct. 216, 220; Clark v. Lindsey, 7 Pa. Superior Ct. 43, 47; Church v. Feterow, 2 P. & W. 301; Lee v. Conard, 1 Wharton, 154, 168.

The jury should not be instructed to find a fact of which there was no proof: Selser v. Roberts, 105 Pa. 242; Jordan v. Headman, 61 Pa. 176; Hyatt v. Johnston, 91 Pa. 196; Brooks v. Penna. R. R. Co., 2 Pa. Superior Ct., 581; McCarthy v. Scanlon, 176 Pa. 262.

*Fred Ikeler*, of *Ikeler & Ikeler*, for appellee.—Land, in its restrained sense means soil, but in its legal acceptation it includes

the dwelling houses and other buildings erected thereon; for with the conveyance of the land the structures upon it pass also: Wharton's Law Dic. title "Land."

We confidently assert that the evidence in this case agrees with the statement, but if there was any technical variance it is cured by the verdict, or the statement can be amended in this court: Trainor v. Phila., etc., R. R. Co., 137 Pa. 148; Kroegher v. McConway, 149 Pa. 444; Chapin v. Cambria Iron Co., 145 Pa. 478; Com. v. Press Co., 156 Pa. 516.

OPINION BY SMITH, J., March 14, 1902:

The assignment of error, consisting of extracts from the charge, trenches closely on the rule that only one distinct question shall be raised in any assignment, since it lumps together the views of the trial judge respecting the submission of the case to the jury, the measure of damages, and a discussion of the rights of landowners to the use of the highway in front of their premises. It cannot be contended that all of this is erroneous; and if there is error in any portion, our rules require the party complaining of this to point it out specifically and by itself. An assignment cannot be divided, and treated as good in part and bad in part; if it cannot be sustained as a whole it must be overruled. For this reason, if for no other, it should present but one distinct question.

As we construe the assignment, it complains merely of the submission of the case to the jury, upon the pleading and evidence. There was no request by the defendant for a verdict by direction of the court. Still, if there was no evidence to justify the verdict, this affords ground for the assignment. As we have before said on the subject of the pleading and the evidence (Clark v. Lindsay, 7 Pa. Superior Ct. 43), the plaintiff can recover only secundum allegata et probata; not only must the declaration set forth a wrong, and the evidence show a wrong, but the wrong shown must be the wrong alleged.

In the present case, the declaration alleges the unlawful erection, by the defendant, of " a certain obstruction, partition or barrier upon and over " the plaintiff's land. The evidence for the plaintiff showed the erection of a partition-like structure, an inch or more in thickness, about eight feet high and three feet wide, extending partly across the sidewalk that fronted the

adjoining buildings of the parties, and near the division line between them; fastened to the defendant's building, but standing from one to two inches on the plaintiff's side of the line, with its inner edge close against the plaintiff's building. The erection of this was admitted, and its purpose explained, by the defendant. The only question is whether the averment in the declaration as to its character, and its relation to the plaintiff's land, is so far sustained by the evidence as to warrant the submission of the case to the jury.

The structure complained of was not placed either upon or over the surface of the plaintiff's land. The rights of an owner, however, extend upward without limit. Every structure annexed to the land partakes of its nature as realty, and is, to all intents and purposes, land. Hence an obstruction placed against the side of a structure forming part of the realty is, in contemplation of law, upon the land, as fully as if placed on its surface. The portion which it covers is not material; if it may be placed against any part, it may be made to cover the entire side, obstructing light, air and access. To place it against any portion is a disturbance of the enjoyment of the land, if not of its possession, and, if wrongful, is a trespass. In Devlin v. Snellenburg, 132 Pa. 186, the painting of an advertising sign on the side of a building, by permission of the lessee, was held actionable in trespass at the suit of the owner; though, as an injury to the reversion, the form of action, prior to the procedure act of 1887, would have been case.

It is immaterial that the plaintiff's building may extend over the street line. As against the defendant, the plaintiff's possession was lawful. No question as to the rights of adjoining owners, with respect to structures erected on the division line, is here involved. The ownership of the land on which the obstruction stood was not in dispute. That land was a public highway; and whatever private uses might lawfully have been made of it under local ordinances, the maintenance of the structure complained of, even if it did not touch the plaintiff's building, was certainly not among them. Standing on the sidewalk, such a structure was, in strictness, an obstruction of the highway, and, as such, a public nuisance. Whether its maintenance might not be actionable in trespass, under the procedure act of 1887, at the suit of the plaintiff, on the score of private

damage, it is unnecessary here to consider. It is sufficient that, placed directly against the building, its erection was in law a trespass. The probata corresponds, substantially, with the allegata, and the case was properly submitted to the jury.

The assignment of error is overruled, and the judgment is affirmed.