## Friedman *v.* Urmann, Appellant.

*Pleading—Practice, C. P.—Contract—Allegata and probata—Variance.*

Where in an action of assumpsit the plaintiff declares on a verbal contract, but at the trial proves a contract materially different from that declared on, and the evidence as to the terms and extent of such contract is entirely oral, and the amount of the alleged loss is by no means clear, the plaintiff cannot recover without an amendment to the pleadings, and even if such amendment is made, the case must be submitted to the jury.

Argued March 8, 1905.  Appeal, No. 5, March T., 1905, by defendant, from judgment of C. P. Elk Co., April T., 1903, No. 25, on verdict for plaintiff in case of Joseph L. Friedman and John W. Keiler, trading as Friedman, Keiler & Company, v. Alois Urmann.  Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ.  Reversed.

Assumpsit for breach of contract.   Before Mayer, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $311.34.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Eugene H. Baird*, with him *Harry Alvan Hall*, for appellant. —It is the first and fundamental rule in the production of evidence, that the evidence must correspond with what is alleged in the pleadings as the basis of the action, or of the defense; the allegata and probata must agree : Cleaver v. Garner, 133 Pa. 419 ; Ryder v. Jacobs, 182 Pa. 624 ; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508 ; Pumeroy v. Bruce, 13 S. & R. 186 ; Fenn v. Early, 113 Pa. 264 ; Clark v. Lindsay, 7 Pa. Superior Ct. 43 ; Hennessy v. Anstock, 19 Pa. Superior Ct. 644.

*Fred. H. Ely*, for appellee.

Opinion by Porter, J., July 13, 1905 :

The plaintiffs filed a statement averring the right to recover upon the ground that they had in November, 1900, " verbally agreed with said defendant that he, the said defendant, should handle and sell the goods, wares and merchandise of the plaintiffs at a commission of ten percentum ; that said defendant should keep and save harmless the said plaintiffs of and from one-half of any and all losses incurred in selling said goods, wares and merchandise of said plaintiffs ; and should bear and pay to plaintiffs one-half of all losses on sales made by or through said defendant ; that the plaintiffs have shipped goods, wares and merchandise on the order of the defendant and sold by and through him to the following parties, and have lost on said sales the following amounts : " then followed a list of alleged sales and losses thereon, aggregating $951.82, an averment of the liability of the defendant for one half of said amount and his failure to pay the same.

The plaintiffs failed to prove, at the trial, that any of the sales in question had been made by or through the defendant, their evidence established that none of said sales had been made

by the defendant, but that all had been made by an agent directly representing the plaintiffs. They sought to establish the liability of the defendant for the losses resulting from the sales in question by proof of a contract different from that upon which they had declared. The evidence produced by the plaintiffs did not clearly establish the terms of the agreement actually entered into. The contract may have been an agreement by the defendant, in consideration of a commission of ten percentum, to guarantee payment by all parties to whom the plaintiffs sold goods within a certain territory, without regard to the agency through which the sale was effected, or it may have been an undertaking by the defendant, upon a like consideration, to guarantee payment for all goods sold by the plaintiffs, or their agents, to certain particular parties. The only thing which is clear is that the agreement was not that upon which the plaintiffs had declared; that the defendant should handle and sell the goods of the plaintiffs and pay one half of the loss resulting from a failure to collect the purchase money for the goods so sold by him.

The defendant had in his affidavit of defense denied that he had entered into the agreement declared upon, and his plea was non assumpsit. With the record in this condition, and upon the evidence produced by the plaintiffs, the defendant moved the court for a compulsory nonsuit, and the motion was overruled. The defendant offered no evidence, and the court peremptorily instructed the jury to find a verdict in favor of the plaintiffs for $311.34, which instruction is assigned for error. The plaintiffs have proved a contract materially different from that upon which they had declared, and were not entitled to recover without an amendment of the pleadings: Hennessy v. Anstock, 19 Pa. Superior Ct. 644; Wilkinson Manufacturing Co v. Welde, 196 Pa. 508. The written evidence, consisting of letters which passed between the parties, indicated that a contract of some nature had been made, but the evidence as to the terms and extent of the contract was entirely oral, the credibility of the witnesses was therefore for the jury. The evidence as to the amount of the loss which had resulted from the sales in question was exclusively oral, and was by no means clear. The burden was upon the plaintiffs to establish the amount of the loss, and, even if the pleadings had been

amended, the questions of fact were under the evidence peculiarly for the jury. There appears to be no escape from the conclusion that, in giving binding instructions for the plaintiffs, the learned judge of the court below fell into error.

The judgment is reversed and a venire facias de novo awarded.