# Hale *v.* Hale, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Evidence—Allegata et probata—Variance.*

The procedure act of 1887 requires that the declarations in assumpsit and trespass shall be a concise statement of the plaintiff's demand. It should be not only concise, but precise; exhibiting with accuracy and completeness the ground on which recovery is sought. It is not enough that the evidence may show a cause of action; it must show the cause of action laid in the declaration. The plaintiff does not recover on the proofs alone; he recovers secundum allegata et probata.

In an action of assumpsit where the statement sets forth a claim for services rendered as bookkeeper and salesman, and the proof on the part of the plaintiff related wholly to an alleged partnership between the plaintiff and the defendant, a verdict and judgment for plaintiff cannot be sustained.

*Practice, C. P.—Trial—Disorderly conduct of witness.*

Where a plaintiff on the witness stand persistently charges crimes to his brother, the defendant, that had no possible relation to the questions at issue, and constantly puts in arguments and tries to throw slurs upon persons connected with the case, the court should entertain a motion to withdraw a juror and continue the case.

Argued May 21, 1906. Appeal, No. 56, April T., 1906, by defendant, from judgment of C. P. Crawford Co., Feb. T., 1904, No. 14, on verdict for plaintiff in case of Edgar H. Hale v. W. J. Hale. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for services. Before THOMAS, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,137.56. Defendant appealed.

*Errors assigned* were various rulings on evidence and instructions, and refusal to withdraw a juror and continue the case on the ground of misconduct of the plaintiff.

*M. J. Heywang,* for appellant.—It is the first and fundamental rule in the production of evidence that the evidence offered must correspond with what is alleged in the pleadings, as the basis of the action or of the defense ; the allegata and the probata must agree : Cleaver v. Garner, 133 Pa. 419 ; Ryder v. Jacobs, 182 Pa. 624 ; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508 ; Umbehocker v. Rassel, 2 Yeates, 339 ; Scott v. Horn, 9 Pa. 407 ; Lee v. Conard, 1 Whart. 155 ; Clark v. Lindsey, 7 Pa. Superior Ct. 43 ; Friedman v. Urmann, 28 Pa. Superior Ct. 440.

*Axtell J. Byles* and *Eugene Mackey,* with them *Julius Byles,* for appellee.

OPINION BY ORLADY, J., October 5, 1906 :

In the statement of claim filed by the plaintiff in this case, he claims " to recover from W. J. Hale, the defendant, the sum of $1,586.46, with interest thereon from July 7, 1902, being balance due plaintiff for services rendered by him for said defendant as bookkeeper, salesman, and for general work done and performed by plaintiff for defendant in and about said defendant's coal yard and business in the city of Titusville, Penn., as per itemized statement of account hereto attached and made part hereof, showing the amount of said services, time when rendered and value thereof," etc.    The defendant filed an affidavit of defense, admitting the employment of the plaintiff under an express contract, and relied upon specific facts therein stated as well as the insufficient and defective character of the statement, and subsequently pleaded non-assumpsit payment, etc. The trial by jury resulted in a verdict in favor of the plaintiff for $1,137.66, with interest from July 7, 1902.

In disposing of this appeal it is sufficient to consider only the assignments of error relating to the evidence of the plaintiff in support of his claim, as set out in his statement.    Had the trial on the merits of the case resulted in a verdict which was supported by competent evidence, we would not be disposed to

disturb it.   For, as stated in Erie City Iron Works v. Barber, 118 Pa. 6, the effect of our statutes has been to give more prominence to the trial of the cause had on its intrinsic merits, in the interest of a rational and speedy administration of justice, than to the exact and precise observance of the artificial forms originally devised for this purpose, but which are supposed in some instances at least to defeat rather than to promote the ends of justice.   In the case before us it is not so much that the statement of claim was insufficient and defective, as the radical departure on the trial from the cause of action set out in the statement.   The spirit of the procedure act of 1887 plainly requires that every contract or agreement upon which the claim in any manner depends, even if in parol, shall be averred in the statement.   It was intended to dispense with formality, but to insist upon matters of substance, indispensable to an intelligent and just judgment between the parties : Fritz v. Hathaway, 135 Pa. 274 ;  Winkleblake v. Van Dyke, 161 Pa. 5.   If a special agreement is relied on it should be set out.   The act requires that the declaration in assumpsit and trespass is to be a concise statement of the plaintiff's demand.   It should be not only concise, but precise ; exhibiting with accuracy and completeness the ground on which recovery is sought.   It is not enough that the evidence may show a cause of action ; it must show the cause of action laid in the declaration.   The plaintiff does not recover on the proofs alone ; he recovers secundum allegata et probata : Clark v. Lindsay, 7 Pa. Superior Ct. 43 ; or, as stated in Hennessy v. Anstock, 19 Pa. Superior Ct. 644, not only must the declaration set forth a wrong, and the evidence show a wrong, but the wrong shown must be the wrong alleged : Friedman v. Urmann, 28 Pa. Superior Ct. 440.

On the trial the plaintiff's proof was not responsive to the demand set out in the statement.   From the opening to the conclusion of the case, his contention was, that he and the defendant had been, for the whole time covered in the itemized account, associated as partners and not as employer and employee.   Frequent objections were made by the defendant's counsel in various forms to the competency and relevancy of the evidence under the pleadings, and that an entirely new and different cause of action was introduced, which was fol-

lowed by a motion for a nonsuit and a new trial. He had the right to rely on the well-established rules of law regulating the orderly trial of the action set out on the record. His complaint is not so much that the statement was defective as that it was entirely ignored. The plaintiffs testified: " We started in there July 2, 1897, as partners between Edgar Hale, W. J. Hale and myself; I was to have a half interest in the business, my brother was to have a half interest; Edgar Hale (the father of the parties) could not own anything; the books were kept in the name of W. J. Hale; all contracts were made in his name." He unqualifiedly denied that he was employed by the defendant, or that he hired out to him for wages.

The statement does not suggest any partnership relation, or the evidence show that there was any account kept or record made of the time, services or compensation of the plaintiff. Whatever right he may have, it must be asserted in conformity with the law, and to permit a recovery under such testimony in supporting such a statement would be to ignore all order and method in pleading. No suggestion of an amendment was made even after the trial judge openly called the attention of plaintiff's counsel to the fact that, on his own theory of the case, there was no evidence proffered to show a demand on the part of the plaintiff and a refusal on the part of the defendant to carry out the alleged agreement to enter into a partnership. While this proof was supplied, there was no amendment of the record to support it. This was not a case for an amendment of the pleadings to be allowed or made in this court, as the case was not tried on its merits in the court below, and to sustain the verdict would be to approve the methods by which it was obtained. The issue and rights of the parties under the pleadings as made by the plaintiff himself were lost sight of, and from the confused and contradictory testimony the jury were called upon to adjust an alleged family partnership transaction (Ryder v. Jacobs, 182 Pa. 624) in which the methods of doing the business, the amount of stock, profits, and proportions of interest were relied on to fix a quantum meruit per diem compensation of the plaintiff.

As the case goes back for another trial it is proper that the second assignment of error should be considered. The defendant's counsel requested the court to withdraw a juror and con-

tinue the case on account of the misconduct of the plaintiff while on the witness stand. It is fortunately rare that the misconduct of a party is so flagrantly exhibited as on the trial of this case. The action was between brothers, yet the plaintiff, while on the witness stand, " much to his disgrace and should have been to his shame, denies his father as father, and his mother as mother," as stated by the trial judge, and imputed crimes to his brother, the defendant, that had no possible relevancy to the questions at issue. Such testimony could not but create a bias or prejudice in the minds of the jurors. Ordinarily such conduct reacts on the unnatural accuser, but the effect in this case was evidently to create a sympathy for him, inasmuch as he recovered nearly the whole of his claim; but whatever the effect may have been, his conduct was highly reprehensible, and merited the rebuke given to him by the court, viz: " This witness persistently puts in some argument, and tries to throw some slur upon somebody connected with the case in an answer of some kind, that is not an answer at all; and if he does not quit it we will have to adjudge him in contempt of court, fine him and send him to jail." His conduct interfered with the orderly progress of the trial, and the evil effects of his statements could not be overcome in any legitimate way. The cases are numerous where verdicts have been reversed when less glaring violation of the proprieties are practiced by counsel: 1 Troubat and Haly's Prac., sec. 753, p. 421; Thompson v. Barkley, 27 Pa. 263; Wagner v. Hazle Township, 215 Pa. 219; Walsh v. Wilkes-Barre, 215 Pa. 226. And while it is peculiarly the discretionary duty of the trial court to see that the trial is conducted in a legal and orderly manner, and unless that discretion is abused such an order is not the subject of an appeal, as held in Commonwealth v. McMahon, 14 Pa. Superior Ct. 621, yet this record exhibits so gross a disregard of natural and civil duty, that it is impossible to estimate its dangerous influence on the minds of the jury, and the motion to withdraw a juror, etc., should have been sustained.

The judgment is reversed, and a venire facias de novo awarded.