## Gates *v.* Little, Appellant.

*Libel—Pleading—Statement of claim—Demurrer—Practice, C. P.*

In an action of trespass for libel objection to the sufficiency of the declaration or statement of claim must be made by demurrer.

In an action for libel where the plaintiff's name is not mentioned in the libellous article but facts and circumstances narrated in the article tend to show that the plaintiff was the person intended, the question of identity is for the jury.

On the trial of an action for libel the plaintiff may show that persons of her acquaintance after reading the publication ceased to call upon her, and ceased to employ her for sewing.

Argued March 5, 1908. Appeal, No. 7, Jan. T., 1908, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1905, No. 511, on verdict for plaintiff in case of Annie Gates v. Richard Little. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass for libel.

At the trial it appeared that the article for which suit was brought charged a woman, not named, as being a prostitute.

The court admitted under objection and exception evidence of facts and circumstances which tended to identify the plaintiff with the person mentioned in the article. [2]

The court also admitted under objection and exception, evidence that acquaintances of plaintiff after reading the article had ceased to call upon her, and no longer employed her for sewing. [3, 4]

Verdict and judgment for plaintiff for $372. Defendant appealed.

*Errors assigned* were (1) refusing to arrest judgment; (2–4) rulings on evidence, quoting the bill of exceptions.

*John F. Scragg*, with him *Chas. P. O'Malley*, for appellant.— Before evidence of circumstances connecting the plaintiff with this article can be offered they must be properly pleaded

and alleged that those circumstances apply particularly to the plaintiff: 2 Greenleaf on Evidence, V. 2, sec. 417; Commonwealth v. Harris, 5 Pa. Dist. Rep. 671; Hughes v. Snee, 9 Pa. Dist. Rep. 526; Gosling v. Morgan, 32 Pa. 273; Stitzell v. Reynolds, 59 Pa. 488.

*H. W. Mumford,* with him *J. J. O'Malley,* for appellee, cited: Thompson v. Barkley, 27 Pa. 263; Haldeman v. Martin, 10 Pa. 369; Clark v. North American Co., 203 Pa. 346; O'Toole v. Post Printing & Pub. Co., 179 Pa. 271.

OPINION BY ORLADY, J., July 15, 1908:

The plaintiff alleges in her statement in this action of trespass, that the defamatory and malicious libel which appeared in the "Scrantonian" in its regular issue of September 17, 1905, was written "of and concerning her as the person referred to in said article as a cruel and heartless daughter, etc., and that it was so understood by all of the people living in the neighborhood who read the said publication."

The defendant entered the general plea of not guilty and went to trial on the merits of his case. He did not object to the sufficiency of the declaration, by filing a demurrer, and it is now too late to complain of that phase of the case. On the trial of such an issue the question is not whether the declaration be good, but whether it is supported by the evidence. If the defendant wishes to raise objections to the declaration before the verdict, he must do so by demurrer. If he neglects that course he must move in arrest of judgment. In that stage of the case, many defects are cured by the verdict. If the declaration contains the substance of a good cause of action, it is sufficient after the verdict has been rendered, though it might have been the reverse, had objection been made to it at the proper time: Haldeman v. Martin, 10 Pa. 369; Thompson v. Barkley, 27 Pa. 263.

The defense which is most earnestly urged is that the libelous article did not mention the plaintiff by name, nor refer to her in descriptive terms. From his graphic and elaborate report of an alleged outrage, it would be a reflection on the

writer to intimate that he did not intend to refer to a particular person, and whether this plaintiff was or was not that person, was the real point of contention before the jury. This phase of the case was thoroughly and accurately presented by the learned court, under the authority of Clark v. North American Co., 203 Pa. 346,—that whether or not the description in the article pointed to the plaintiff, was for the jury. In the light of the evidence, notwithstanding the fact that no name was mentioned, the description of the plaintiff by association with the events narrated, would fix her identity as accurately as by giving the name by which she was known in the community, and whether or not the publication was made after due care and diligence in ascertaining the true facts, there would be the natural and reasonable inference that the plaintiff was the person referred to. The article was libelous per se, and being false as to the plaintiff, malice was shown, and the burden of defense was upon the defendant: Burkhart v. North American Co., 214 Pa. 39.

On the subject of identification, the court said, "The question, therefore, follows, does it refer to her? That is a question that is for you solely. It is not for me to say, but for you to determine whether this article refers to the plaintiff in the case." The same thought is expressed several times in a careful and elaborate charge.

The testimony complained of in the third and fourth assignments of error was properly received for the purpose of showing the injurious effect of the publication upon the reputation of the plaintiff among her friends and acquaintances, and as to whether it tended to prevent her from prosecuting her business successfully: O'Toole v. Post Printing, etc., Co., 179 Pa. 271.

The assignments of error are overruled, and the judgment is affirmed.