## Zullinger, Appellant, *v.* Grebe.

*Practice, C. P.—Pleading—Statement of claim—Evidence—Allegata and probata—Variance.*

A statement in assumpsit must be supported by evidence at the trial, proving not only a claim against the defendant, but the particular facts averred in the plaintiff's declaration.  It is not enough that the evidence may show a cause of action; it must show the cause of action laid in the pleadings, and the proof must support the allegations.

In an action of assumpsit where the statement sets forth a claim for money loaned, and the proof on the part of the plaintiff related wholly to an advance payment on a contract of sale and lease, a nonsuit is properly entered.

Argued Nov. 12, 1918.  Appeal, No. 218, Oct. T., 1918, by plaintiff, from judgment of C. P. Lancaster Co., August T., 1916, No. 57, refusing to take off compulsory nonsuit in case of Charles F. Zullinger v. Ferdinand Grebe.  Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ.  Affirmed.

Rule to strike off judgment of nonsuit.  Before HASS-LER, J.

The facts are stated in the opinion of the Superior Court.

The court refused to strike off the nonsuit.  Plaintiff appealed.

*Error assigned* was the order of the court.

*B. F. Davis,* for appellant.

*John E. Malone,* for appellee.

OPINION BY PORTER, J., July 17, 1919:

The only assignment of error in this case refers to the refusal of the court below to take off the judgment of compulsory nonsuit.  The plaintiff in his statement of claim averred that his cause of action was based on an instrument in writing of the following tenor: "Received, Lancaster, Pa., March 31, 1914, of Mr. Charles F. Zullinger, of York, Pa., four hundred dollars on account of the license money of Relay House granted to John W. Bishel, and to be transferred to the said Charles F. Zullinger for the fiscal year beginning April 1, 1914"; he further averred that he had "advanced and loaned to the defendant at that time the said sum of money, and gave the said defendant the said sum of money to hold for him on condition that the license of Relay House, a hotel or tavern in the City of Lancaster, should be transferred to the plaintiff, that the said license never had been transferred and no license for the same had ever been granted by the court to the plaintiff; and that it was through no fault of the plaintiff that the transfer of the license was not made to him."  The wrong here complained of was the failure to have transferred to the plaintiff the license to sell liquor at the Relay House.

The plaintiff at the trial testified in his own behalf and gave a complete history of the transaction which involved

the payment of the $400 in question. He testified that the party to whom the license had just been granted, Bishel, had failed and the furniture and fixtures of the hotel had been levied upon by the sheriff, that he, the plaintiff, had entered into negotiations with the defendant, who seems to have been interested in the indebtedness against the former owner, and it had been agreed between them that the plaintiff should give his note for certain indebtedness of the hotel and that he should pay the amount of the license fee, and enter into possession and run the place. He testified that he was shown through the place and was told what he was to have in the way of furniture, fixtures and stock, but that when he came to take charge of the place the furniture and fixtures had been removed and there was nothing there with which he could carry on the business. Notwithstanding this, he went into possession, "under the condition that the stuff was to be brought back." The furniture, fixtures, etc., were not returned and on the following Saturday he notified the defendant that if the property was not returned before Monday night he was going to close up the house, that the property was not returned by Monday evening and he closed the business and left. In the meantime he had paid to the defendant $400 to be paid on the license when it was granted. He testified that his reason for abandoning the business was because "they (the defendant) broke their agreement by taking the stuff away from it, all the goods and chattels of the place, and I couldn't do business. They broke their agreement. So when they would not return it to me I closed the place and went home. And he kept my four hundred dollars and has refused to give it to me ever since." Having thus testified in chief it was entirely competent in cross-examination for the defendant to interrogate him as to the details of the contract and all that had been done. It developed that he had agreed, with Grebe, to buy out the place, to give his notes for the indebtedness amounting to $2,000 and to pay the license fee of $550,

in cash, that in closing the transaction he had paid to
Grebe $400 of the license money in cash and given his
note for $150 to make up the balance.   He admitted that
the petition for the transfer of the license had been pre-
pared and filed with the clerk of the court of quarter ses-
sions, but that he had closed up the place and never came
back to Lancaster to ask for the transfer of the license by
the court.   He testified that when he left Lancaster he did
not go to York, where he resided with his wife, but went
to Waynesboro and gave as his reason for doing this: "I
did not care about him [manifestly meaning this defend-
ant] finding me.   I didn't want the place then."

It thus appeared from the testimony of the plaintiff
that the wrong, if any, done him by the defendant was the
failure to deliver the furniture and fixtures which had
been at the hotel; that he did not want the place without
the personal property and that his failure to get a trans-
fer of the license was because of his abandonment of the
proceeding to have the license transferred.   Conceding
all his testimony to be true, the wrong which it proved
was not the wrong alleged in his statement.   There was
no offer made at the trial to amend the statement, and the
court below properly refused to take off the nonsuit:
Hale v. Hale, 32 Pa. Superior Ct. 37; Fritz v. Hathaway,
135 Pa. 274.   This plaintiff may have had, may still have,
a good cause of action against the defendant.   The con-
tract relating to the personal property and the transfer
of the license seems to have been entire; if the chattels
were all taken away by the defendant and he failed to
return them upon notice the plaintiff would have the
right to rescind the contract by acting promptly and giv-
ing the defendant due notice, in which event he could
maintain an action to recover what he had paid upon the
contract.   The pertinent questions in that case would be
whether the plaintiff had the right to rescind the con-
tract because of the failure of the defendant to perform,
and whether he did so rescind, and it would be necessary
to aver the material facts in the statement of claim.

209, (1919).]　　　Opinion of the Court.

There was in this case a fatal variance between the averments of the statement and the evidence produced at the trial, and the assignments of error are overruled.

The judgment is affirmed.