# Di Cencio *v.* Di Filippo, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Evidence—Allegata and probata—Variance.*

In an action of assumpsit for breach of contract for failure to deliver certain consignments of grapes it was error to admit evidence as to the quality of the grapes and their condition when they were received, where the plaintiff's statement raised the single question of delivery. Breach of warranty not having been alleged, he will not be permitted to introduce evidence of such breach.

Argued October 12, 1922. Appeal, No. 132, Oct. T., 1922, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1920, No. 496, on verdict for plaintiff in the case of Domenico Di Cencio v. Domenico

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.
Di Filippo.   Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ.   Reversed.

Assumpsit to recover back purchase price of goods not delivered.   Before Bonniwell, J.

The facts are stated in the opinion af the Superior Court.

Verdict for plaintiff in the sum of $274.80 and judgment thereon.   Defendant appealed.

*Errors assigned,* inter alia, were various rulings of the court in admitting evidence over the objection of the defendant.

*Joseph L. McAleer,* for appellant.—The allegata and probata must correspond and since the evidence objected to was wholly at variance with the pleadings it should not have been received: Wilkinson Manufacturing Co. v. Welde, 196 Pa. 508; Watkins v. Moore, 192 Pa. 211; Shaw v. Fleming, 174 Pa. 52.

*G. Theo. Maioriello,* for appellee.—There was no delivery of the goods contracted for: Brown & Co. v. McCaffery & Sons, 3 Pa. Superior Ct. 431; Ridgway v. Baizley Iron Works, 46 Pa. Superior Ct. 271.

Opinion by Trexler, J., March 2, 1923:
The plaintiff's statement sets forth that he seeks to recover the sum of $240.   (1) "For moneys paid under a verbal agreement between the plaintiff and the defendant, whereby the plaintiff agreed to purchase and the defendant agreed to sell and deliver unto the plaintiff four tons of grapes on or about September 9, 1919."   (2) "That the above-named defendant failed to deliver on or about September 9, 1919, or at any time thereafter the said four tons of grapes, to the plaintiff or any person on behalf of the plaintiff."   (3) "Receipt for $240 is hereunto attached."   The above statement raised a clear issue which

was, Did the defendant deliver the grapes? The defendant states in his affidavit that the plaintiff refused to accept the grapes.

When the cause came to trial the plaintiff started out by offering proof as to the quality of the grapes, i. e. their condition when the car in which they were contained was opened. It appears that the four tons purchased by the plaintiff were part of a carload of 20 tons and that when the car was opened, the grapes were rotten. All this testimony was objected to by the defendant and very properly so for according to the plaintiff, as we have already said, he had but one issue to meet and that was delivery. The court, however, overruled his objection and this we think was clear error. At no time in the trial was the question of nondelivery raised and the plaintiff himself testified that he refused to accept the grapes when he saw their condition. The court in its charge stated to the jury that "It was a straight transaction between the parties, and the law is when a man sells a staple article of any kind, there is an implied warranty that it is fit for use, and if you find they [the grapes] were not fit for use, the plaintiff is entitled to recover." This was wrong for the obvious reason that the plaintiff did not sue on a warranty, but merely relied on nondelivery. A trial should be an orderly proceeding and the allegations and proofs must still correspond. The defendant need only answer what is charged against him: Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Friedman v. Urmann, 28 Pa. Superior Ct. 440; Zullinger v. Grebe, 72 Pa. Superior Ct. 209. We might reverse the case without giving the plaintiff an opportunity to try his case under pleadings corresponding to his proofs, but we will grant a new trial, so that he may have another chance to present his case by amending his pleadings. Judgment reversed with a venire.