## Cotts v. Quigley

*Elias Magil*, for plaintiff.
*David Kanner*, for defendant.

MACNEILLE, P. J., March 7, 1947.—This action was instituted on a complaint in trespass alleging a cause of action against defendant for certain work negligently performed and also a cause of action against defendant for certain utterances averred to be slanderous. Defendant has filed preliminary objections to the complaint which are now before the court for decision.

Defendant's first objection is that the averment of plaintiff refers to an agreement and does not state whether it was oral or in writing and if it be in writing no copy of the agreement is attached. The Practice Act of May 14, 1915, P. L. 483, sec. 9, 12 PS §391 provides:

"In actions on contracts it shall state whether the contract was oral or in writing."

However the contract is not the gist of this action as this is an action for trespass and the claim arises

out of the negligence of defendant and not because of an allegation of his breach of contract. Defendant relies solely on the case of Ellsworth v. O'Keefe, 26 Dist. R. 277. We have examined the case and find it to hold just the opposite to what defendant claims. In that case plaintiff brought an action of trespass against a warehouseman for the value of goods, some of which were averred to have been lost or destroyed by defendant's negligence and others of which were wrongfully withheld from plaintiff by defendant. The court held the statement of claim need not contain an averment as to whether the agreement under which the goods were delivered to defendant was written or verbal, nor need there be set forth a copy of the agreement. Said the court, at page 279:

"In the statement filed in this case the plaintiff does not rely upon any contract as a basis for his action, but relies upon the negligence, breach of duty and misrepresentations of the defendant, the agreement or contract mentioned in the statement not being the gist of the action."

See also Fender v. Mason Wrecking Co., 28 W. N. C. 93, and Sorrick v. Scheetz, 34 Lanc. 261. So also in the present action the gist of the claim is because of the negligence of defendant, and the failure to allege whether the agreement was oral or in writing was not error.

Defendant's next objection is to the claim asserted in paragraph 6 of the complaint and assigns as his reason that the exact matter was set up in a petition to open judgment as of C. P. No. 3, June term, 1945, no. 2326, and that the court had refused to open the judgment as to the claim in question. Defendant contends the matter is res adjudicata.

In 4 Standard Pa. Practice 71, §56, it is said:

"The only way to dispose of the question of res adjudicata, when the facts are not admitted, is at the

trial of the case, when, upon a consideration of the record of the prior judgment offered in evidence, and of any extrinsic evidence which may be produced in order to show exactly what questions were raised and adjudicated in that proceeding, the court, aided by the jury if there is a material dispute, will determine whether or not there can be a recovery in the new action."

See also Fields v. Phila. Rapid Transit Co., 273 Pa. 282, and Vondersmith v. Urban, 108 Pa. Superior Ct. 103. Further, The Pennsylvania Rules of Civil Procedure provide in actions of trespass (rule 1045 (c)) as follows:

"The affirmative defenses enumerated in Rule 1030 must be pleaded."

Pa. R. C. P. 1030 provides:

"The defenses of . . . res judicata . . . shall be pleaded in a responsive pleading under the heading 'New Matter'."

This rule changes the prior practice as heretofore a defendant in a trespass action was permitted to prove res adjudicata without pleading affirmatively, but even then he had to prove it.

The preliminary objections available to defendant under Pa. R. C. P. 1017 do not permit the raising of res adjudicata where the facts as here are not admitted. The rules applicable to a preliminary objection in the nature of a demurrer are the same as formerly and when the facts are not admitted a preliminary objection in the nature of a demurrer is improper.

For all of the above reasons, we believe defendant's second objection is without merit and is disposed of accordingly.

Defendant's third objection is to the claim of plaintiff for slanderous statements made by defendant. It is argued that these statements were privileged because made in a judicial proceeding.

Prior to the new rules of civil procedure an objection to the sufficiency of a statement of claim for libel or slander was made by demurrer: Gates v. Little, 36 Pa. Superior Ct. 422. But, where the statement of claim avers malice, it will not avail defendant on demurrer that the communication was privileged, the question of malice cannot be determined by the court but must be sent to the jury: McIntyre v. Weinert, 195 Pa. 52.

The Pennsylvania Rules of Civil Procedure (rule 1017(b) (4)) give defendant the privilege of raising preliminarily the legal insufficiency of plaintiff's cause of action. The demurrer under the preliminary objections replaces the affidavit of defense raising questions of law. This leaves unchanged the prior practice with respect to the permissible grounds for demurrer, the nature of the issue raised, the extent to which the demurrer searches the record, and the rule of judgment which the court may enter upon it. See Goodrich-Amram Civil Practice 124, Assumpsit and Trespass—Attacking Complaint. However, the Practice Act of 1915 expressly excepted actions of libel and slander so the procedure and pleadings for these two actions remained the same as they existed in trespass actions under the Procedure Act of May 25, 1887, P. L. 271. Under that practice a demurrer was the proper procedure to attack the legal sufficiency of the statement of claim, rather than by an affidavit of defense raising questions of law, as was the practice under the Act of 1915.

Under the Procedural Rules Governing Actions at Law, effective January 1, 1947, libel and slander are not excepted and the demurrer raised by preliminary objections under Pa. R. C. P. 1017(4) applies to such actions but the prior practice with reference to the issues raised, etc., remains unchanged. This being so, where, as here, the statement of claim avers malicious slander defendant cannot attack the complaint

by a preliminary objection in the nature of a demurrer as such was not permitted by the prior practice. See McIntyre v. Weinert, 195 Pa. 52, supra.

Wherefore, defendant's preliminary objections are overruled and it is adjudged plaintiff has set forth a good cause of action with leave to defendant to file an answer to such averments as require an answer within 15 days.